PLUNGER ELEVATOR COMPANY *vs.* JOHN E. DAY.

Worcester.   March 11, 1903. — September 2, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Practice, Civil.   Evidence.   Contract.*

In an action of contract the plaintiff put in evidence an auditor's report and rested. Thereupon the defendant asked the judge to rule that certain findings of the auditor were rulings of law and should be disregarded by the jury.  The judge refused to make the ruling at that time on the ground that the auditor's report made out a case for the plaintiff without the findings in question.  The defendant then introduced his evidence, and when the case was submitted to the jury did not renew his request.  *Held*, that the request was refused properly at the time it was made, and that when the case was submitted to the jury the judge was not bound to act upon the previous request.

In an action for the construction and installation of an elevator in a building, which after the installation had been totally destroyed by fire, it appeared that the defendant before the fire, although he had used the elevator, had refused to pay for it because it did not conform to the contract in every detail, and after the fire contended that the title to the elevator had not passed to him.  The defendant was asked by his counsel whether the elevator was ever approved by him.  The question was excluded.  *Held*, that the exclusion was right, as the question depended upon inferences to be drawn from the facts in evidence and called for the defendant's conclusion on the issue to be submitted to the jury.

In an action to recover for constructing and installing an elevator in a building of the defendant, if it appears that there was a contract in writing for the construction and installation of the elevator between the defendant and a person other than the plaintiff, and there is no evidence of an assignment to the plaintiff, the plaintiff may recover on showing that with the assent of all concerned the plaintiff and defendant made an oral agreement on the terms set forth in the written contract before any work was done under it.

CONTRACT for $2,406.45 for an elevator, including a car and working appliances, installed by the plaintiff in a building of the defendant at his request.   Writ dated September 30, 1897.

At the trial in the Superior Court before *Gaskill*, J., the jury returned a verdict for the plaintiff in the sum of $2,365.50.   The defendant alleged exceptions.

*H. Parker & F. L. Dean,* for the defendant.

*E. H. Vaughan,* for the plaintiff.

LORING, J.   In this case the defendant accepted in writing a proposition for the construction and installation of an elevator in a building owned by him.   The proposition which was ac-

cepted was in writing and purported to have been made by the "Washburn Shops." Work on the elevator stopped on or about November 1, 1896, and thereupon the defendant put a man in charge of it "who operated it for the uses of the building in which it was constructed until March 4, 1897," when the building in question was totally destroyed by fire. Before the fire the defendant had refused to pay for the elevator because it did not conform to the contract in every detail, and after the fire the defendant took the position that the title to the elevator had not passed to him and the loss from its destruction was not his.

The case was sent to an auditor, who found that the Washburn Shops was a branch of or annex to the Worcester Polytechnic Institute, that it had no legal existence and therefore no power to make contracts, and that the plaintiff corporation assumed and accepted as its own the written agreement for the elevator before any work was done under it; "that the defendant knew, or had reasonable cause to know, that the plaintiff corporation was placing said elevator upon his premises; that said plaintiff corporation was acting under and attempting to carry out the terms of said written agreement and assented to the same." The auditor also found that the elevator became a part of the realty.

The plaintiff had a verdict, and the case is here on exceptions taken by the defendant.

1. The plaintiff put the auditor's report in evidence and rested. The defendant then asked the judge to rule that the auditor's findings that the elevator became part of the realty and that the Washburn Shops had no power to make contracts were rulings of law and should be disregarded by the jury. The presiding judge replied: "At present I shall decline to accede to your suggestion with reference to it. I think there is enough independent of those two findings of law to sustain the burden." To this the "counsel for the defendant replied to the court, 'We raise this question now that there may be no question of being seasonably raised, and beg we might be saved our exception.' At no subsequent time was this matter further called to the attention of the court."

The ruling of the presiding judge was right. The auditor's report made out a case for the plaintiff aside from the two find-

ings complained of as rulings of law. The time had not come
when the defendant had a right to have the jury instructed as
to the way in which the auditor's report should be dealt with
by them, and no exception lies to the refusal of the judge to
give the instruction requested. Later the defendant introduced
his evidence. The requests were not renewed when the case
was submitted to the jury, and the judge was not bound to act
at that time upon the previous requests.

2. The defendant's counsel asked the defendant: "Was the
elevator in question ever approved by you?" The presiding
judge excluded the question. The question was one depending
upon inferences to be drawn from the facts in evidence. In
such a case it is for the jury to find from the facts proved
whether the elevator was or was not approved by him. The
question asked called for the defendant's conclusion on the issue
which it was the province of the jury to decide, and was properly
excluded. *Brewer* v. *Housatonic Railroad,* 107 Mass. 277. *Commonwealth* v. *Burton,* 183 Mass. 461. *Robbins* v. *Atkins,* 168
Mass. 45. *O'Donnell* v. *Pollock,* 170 Mass. 441.

3. The defendant asked to have the jury instructed that the
plaintiff could not maintain its action. The ground on which
he now contends that the ruling should have been given is that
the contract was made with the Washburn Shops and that in
the absence of an assignment of it by the Washburn Shops
to the plaintiff the plaintiff cannot recover for the elevator built
under it. But the answer to this argument is that the plaintiff's
contention at the trial, or one of its contentions, was that the
plaintiff and defendant made an oral agreement on the terms set
forth in the written contract between the Washburn Shops and
the defendant which was substituted for that written contract
with the assent of all concerned, before any work was done
under it, and the auditor must be taken to have found that the
defendant assented to this substitution. How the defendant
could be found to have assented if he had reason to know but
did not know of the substitution, it is hard to see. But no question on that point was raised by the defendant. Moreover there
may have been further evidence on the point. There is no statement in this bill of exceptions that all the evidence is set forth.
No error is shown in not giving the ruling.

4. The defendant asked to have the jury told that the elevator had not become the property of the defendant before its destruction. This request was asked for in connection with a clause in the contract providing that until paid for the Washburn Shops could remove the elevator, and the defendant's contention that until then by reason of this clause neither the elevator nor the loss was his. But in the first place the auditor found as a fact that the defendant accepted the elevator as it was before the fire, and in the second place there was evidence at the trial that the defendant had agreed to waive his objection founded on a failure to comply with some details of the specifications if the plaintiff would make some repairs on another elevator, which, on the evidence, the jury were warranted in finding was done. Under those circumstances the ruling was rightly refused.

The other exceptions have not been argued and we treat them as waived.

*Exceptions overruled.*