AMERICAN ELECTRICAL WORKS vs. NEW ENGLAND ELEC-
TRIC RAILROAD CONSTRUCTION COMPANY.

.Worcester.    October 4, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, What constitutes, Performance and breach.  *Evidence*, Competency and
materiality, Extrinsic affecting writings.  *Practice, Civil*, New trial.

Where in an action of contract the evidence warrants, a finding that the plaintiff
and the defendant made an oral agreement upon the terms of a contract in writ-
ing between the defendant and a third person, the plaintiff may sue on the oral
contract without showing an assignment to him of the contract in writing.  Fol-
lowing *Plunger Elevator Co.* v. *Day*, 184 Mass. 130.

In an action of contract for a balance alleged to be due for wire sold by the pound,
under an agreement by which the plaintiff was to furnish the wire called for by
the defendant under the terms of the contract, the defendant is not entitled to a
ruling that there is no evidence that the contract was fully performed by the
plaintiff, if there is evidence that the plaintiff delivered all the wire called for
by the defendant under the contract.

In an action of contract, upon an oral agreement adopting the terms of a contract
in writing between the defendant and a third person, the defendant cannot put
in evidence oral statements of a salesman of the third person before the contract
in writing between the third person and the defendant was made, for, even if
such oral statements made before the contract was reduced to writing could be
admitted as against the third person, they are both incompetent and immaterial
against the plaintiff who is not suing on an assignment of the contract.

It is a proper exercise of discretion for a presiding judge to deny a defendant's
motion for a new trial made on the ground that the plaintiff's counsel in his
closing argument commented on certain matters not in evidence, if the presiding
judge on the defendant's objection directed the plaintiff's counsel to confine his
argument·to the evidence and the counsel thereafter did so, especially where the
defendant allowed the case to go to the jury without attempting to have the trial
ended on account of the impropriety.

CONTRACT for a balance of purchase money alleged to be due
for wire sold by the pound.    Writ dated April 2, 1901.

At the trial in the Superior Court before *De Courcy*, J., the
defendant admitted the receipt· of the wire specified in the dec-
laration and put in evidence a contract in writing between it
and a corporation called the Bibber-White Company, for the
delivery of certain wire at the defendant's option, the amount
to be delivered being stated in miles and feet and the price to
be paid being by the pound.

The jury returned a verdict for the plaintiff in the sum of

$703.29; and the defendant alleged exceptions to a refusal to direct a verdict for the defendant, to the exclusion of certain evidence, and to the denial of a motion for a new trial.

*W. C. Mellish*, for the defendant.

*R. M. Washburn & G. Calkins*, for the plaintiff.

LORING, J.  [After a statement of the case incorporated above.]  1. The first ground on which the defendant now contends that the evidence did not warrant a verdict for the plaintiff is that there was no evidence that the Bibber-White Company ever had assigned the written contract to the plaintiff.  But this is not necessary.  The evidence and especially the correspondence warranted a finding that the plaintiff and the defendant had entered into an oral agreement on the terms of the written contract between the Bibber-White Company and the defendant,. as in *Plunger Elevator Co.* v. *Day*, 184 Mass. 130.

2. The next contention made by the defendant, in support of his exception to the refusal to direct a verdict for him, is that there was no evidence that the contract so made was fully performed by the plaintiff.  It was in evidence that the defendant had exercised the option given it under the contract by delivering its notes to the amount of $12,000 in part payment for the wire sold, all of which notes had been finally paid, and had paid $3,000 in cash.  This evidence warranted a finding that the plaintiff had delivered all the wire the defendant had called for under the contract.

3. The president of the defendant company testified without objection on the part of the plaintiff that before signing the contract with the Bibber-White Company he asked one Smith, who was a salesman for that company, "the price at which Bibber-White Company sold wire; Smith stated that a mile of 500,000 c. m.* wire should weigh so many pounds per thousand feet; witness had contract drawn up in writing which was signed by both parties."  Later on Smith was put on the stand by the defendant and asked what was said at this interview in relation to the number of pounds of wire which constituted a mile of five hundred thousand c. m. wire which made up most of the wire delivered.  The evidence was rightly excluded.  The evi-

---

* Circular mils.

'dence offered was not that a mile of five hundred thousand c. m. wire had a trade meaning of a mile in length and approximately ninety-eight hundred pounds in weight. What the defendant offered to put in evidence was nothing more than testimony of previous oral statements not made part of the trade agreed on when the bargain was struck and reduced to writing. We do not stop to point out that even if the action had been between the parties to the contract it would not have been admissible because the plaintiff's case here was not that the Bibber-White contract had been assigned to it, but that it had made an oral agreement with the defendant on the terms stated in the written contract between it and the Bibber-White Company on the principle enforced in *Plunger Elevator Co.* v. *Day*, 184 Mass. 130. In such a case the previous oral statements of the salesman of the Bibber-White Company are not only incompetent but are immaterial.

4. The only ground on which it now is contended that the defendant's motion for a new trial should have been granted as matter of law is the reference made in the closing argument of the plaintiff's counsel to the difficulty of getting answers to its interrogatories to the president of the defendant corporation, and to the unsatisfactory character of the answers finally obtained. The interrogatories had not been put in evidence and no allusion had been made to them during the trial up to that time. The defendant objected, and the plaintiff's counsel was directed by the presiding judge to confine his argument to the evidence, and that direction was immediately complied with.

The defendant was not entitled to have the trial ended because of this impropriety on the part of the plaintiff's counsel. Moreover if he could have asked to have the trial ended because of this he did not do so, but on the judge's directing the counsel to confine his argument within proper limits took his chances of getting a verdict without asking to have instructions given to the jury on the matter. Under these circumstances the general rule that a motion for a new trial rests in the discretion of the judge (as to which see *Fox* v. *Chelsea*, 171 Mass. 297) applies here. *O'Connell* v. *Dow*, 182 Mass. 541. *Commonwealth* v. *White*, 148 Mass. 429.

The other exceptions have not been argued and we treat them as waived.                                    *Exceptions overruled.*