140  573
h152   37

WARN v. CITY OF FLINT.

1. EXECUTORS AND ADMINISTRATORS—LETTERS OF ADMINISTRATION
—PRESENTMENT OF CLAIM SUED ON—EVIDENCE—ADMISSIBILITY.
The declaration in an action by an administratrix against a
city alleged plaintiff's due appointment as administratrix,
and her presentation to the city of her claim as administra-
trix, as required by the city charter. The plea was the general
issue. The proofs showed that while her bond was marked
filed February 27th, it was approved and left in the clerk's
office not later than February 26th, and the letters of admin-
istration were then delivered to her. Her claim was presented
to the city clerk February 26th, and acted upon by the coun-
cil in March following. Held, that evidence of the letters of
administration and of the presentation of her claim was ad-
missible as against the objections that the letters were issued
before the filing of the bond, and that she was not adminis-
tratrix when she presented her claim.

2. HIGHWAYS AND STREETS — INJURIES TO TRAVELER — ACTION —
EVIDENCE—INSTRUCTIONS.
Where, in an action for injuries from a defective street, plain-
tiff did not claim that the city was liable because of the un-
natural accumulation of ice, but the city claimed that all the
streets were covered with ice at the time, that the horse of
the traveler injured was smooth-shod, and that because of
these conditions the accident occurred, an instruction that
ice on streets, coming from natural causes, would not create
a liability, and if such ice caused the accident there could be
no recovery, was not prejudicial to the city.

3. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — EVIDENCE —
QUESTIONS FOR JURY.
In an action for injuries to a traveler from a defective street,
evidence examined, and held, that the questions of the city's
negligence in allowing the street to become gullied out where
it went down a steep hill, and the traveler's contributory
negligence in driving down such a hill covered with ice with
a smooth-shod horse, were for the jury.

4. TRIAL—CONDUCT OF COUNSEL—IMPROPER REMARKS TO JURY—
REPRIMAND BY COURT—EFFECT.
In an action against a city for injuries to a traveler through a

defective street, plaintiff's counsel, in his opening, stated that he would not be allowed to show that since the accident the street had been closed up and filled in at the place where the accident occurred. On objection by opposite counsel, the court stated that the counsel ought not to state anything he considered incompetent to prove. *Held*, that the court's reprimand was sufficient, in the absence of a request for instructions to the jury, to prevent the granting of a new trial for the improper statement.

Error to Genesee; Wisner, J. Submitted April 12, 1905. (Docket No. 56.) Decided June 29, 1905.

Case by Sarah A. Warn, administratrix of the estate of Robert R. Warn, deceased, against the city of Flint for negligently causing the death of plaintiff's intestate. There was judgment for plaintiff, and both parties bring error. Affirmed.

*Lee & Parker* (*De Vere Hall*, of counsel), for plaintiff.

*Black & Roberts*, for defendant.

MOORE, C. J. Mrs. Warn is the widow of Robert R. Warn, deceased, and administratrix of his estate. It is her claim that her husband came to his death because of the defective condition of Sixth street, in the city of Flint. She obtained a judgment against the city, but not for so large an amount as she thinks she ought to have. Both parties have appealed, but the plaintiff does not ask any review of her assigments of error unless we think the judgment should be reversed because of the assignments of error taken upon the part of the defendant.

Saginaw street runs north and south. East of it is Harrison street, which runs parallel to Saginaw street. Fifth and Sixth streets run parallel to each other, and run from Saginaw street to Harrison street. Mr. Warn had occasion to deliver a small quantity of lumber to a new brewery building on Harrison street, between Fifth and Sixth streets. The lumber was in a one-horse wagon. He went south on Saginaw street to Sixth street, thence

east on Sixth street, which was a street running downhill from a point east of Saginaw street. This was in the evening. Mr. Warn was found the following morning dead near the bottom of Sixth street, where it intersects with Harrison street.

It was the claim of plaintiff that, because of the pitch and drainage of the hill, the street had gullied or washed out so that the traveled portion was so narrowed as to become dangerous; that there were no barriers, and that deceased was in the exercise of due care.

On the part of the city it was claimed, and is claimed here, that Mr. Warn was familiar with this part of the city; that he might have gone a safe way by going on Fifth street, or some other one of the streets that led from Saginaw to Harrison street; that there had been a storm of ice and sleet that covered the streets generally; that Mr. Warn was driving a horse smooth-shod; that before going down the hill he got down from the wagon, and learned the condition of the road; and that it was his own fault if he was hurt.

The plaintiff replied to this contention that the horse was not smooth-shod, and the shoes taken from the horse the morning when Mr. Warn was found were introduced in evidence. She also denied that Mr. Warn did more than examine the top of the hill, and says he did not see its condition at the bottom, and could not from where it was claimed he made the examination.

Testimony was given which tended to support these various contentions. At the request of the defendant, two special questions were submitted to the jury: *First.* Did Robert R. Warn examine Sixth street hill before going down? *Second.* Was the accident to Robert R. Warn on Sixth-street hill caused by the ice on said hill? The jury answered each of these questions, " No."

The first group of assignments of error relate to the admission in evidence of the letters of administration, and the presentation of plaintiff's claim to the common council. It is said the first should not be admitted because issued

before the administrator's bond was approved; and the second, because, when presented, Mrs. Warn was not administratrix. The declaration is brought in the name of the administratrix. It recites:

"This plaintiff was duly appointed administratrix of his estate by the probate court for the said county of Genesee, and has in her possession letters as such, ready to be produced and proved in this case, and after her appointment as such administratrix she filed with the clerk of said defendant the notice required by the charter of said defendant, a copy of which notice is hereto annexed and made part of this declaration, and within the time required by the charter she filed with and presented to the common council of said defendant a claim against said defendant, and the same was made out and filed pursuant to said charter, but the same has never been allowed by the said defendant or its common council, and a copy thereof is hereto attached and made a part of this declaration, and after the filing of said claim she waited more than the required time before bringing this suit; and by reason of the premises a right of action has accrued to this plaintiff as the administratrix of her said husband."

The plea was simply the general issue. The difficulty grows out of the want of recollection of the clerk of the probate court as to when the bond was approved and the letters of administration delivered. The calendar of the probate court states that the bond was approved and filed and the letters issued February 25th, 1901, while the bond itself bears date of filing February 27th. It is very clear, however, from the record, that the bond was approved and left in the clerk's office, and the letters of administration delivered to Mrs. Warn, not later than the 26th of February, 1901. Her claim was filed with the clerk of the common council February 26, 1901, and was first presented to the common council early in March. Under these circumstances, we do not think the judge erred in admitting these exhibits.

It is alleged as error that the court charged the jury:

"Ice on streets which comes from natural causes will not create a liability, and if you find that the ice did come

from natural causes, and was not made to flow and accumulate at the spot complained of by reason of the shape of the roadway as constructed by the city, and that it was the cause of the accident, then the plaintiff cannot recover."

Counsel say:

"This instruction assumed that the jury might find that the ice on this street had accumulated in unnatural quantities by reason of defective construction."

We cannot agree with counsel. The plaintiff did not claim either in the declaration or at the trial that the liability of the city arose because of the unnatural accumulation of ice, but it was the claim of the city that the streets were generally covered with ice, that the horse was smooth-shod, and that because of these conditions the accident occurred. It was in the interest of the city that the charge was given.

Error is assigned because a verdict was not directed in favor of the defendant. We have already stated the claims of the respective parties. There was a sharp conflict in the testimony. It cannot be said, as a matter of law, that there was no liability.

The record discloses the following:

"The following language was used by Mr. Lee, one of the attorneys for plaintiff, in his opening to the jury:

"'Since that time and since the accident, of course, we cannot show it to you—now since that time it [meaning the street] was first closed up, and then filled in there [meaning at the place of the accident].'

"*Mr. Roberts:* I object to his making that statement, as he says he cannot show it.

"*The Court:* You certainly ought not to state anything to the jury you consider incompetent to prove.

"*Mr. Lee:* I stated to the jury that it is incompetent to prove.

"*Mr. Black:* An exception to the statement of Mr. Lee."

This is all that appears upon that subject in the record.

140 MICH.—37.

It is said a new trial should be granted because of this. The record shows the case had been tried before. Counsel for plaintiff say in their brief: That upon the previous trial counsel for the city urged there was no liability because the city had not worked the street for a period of 10 years, and that the statement which is objected to grew out of the supposition that the same claim would be made upon this trial. That counsel thought it was legitimate, in opening the case to the jury, to refer to two facts in connection therewith: (1) That the city did perform acts which recognized its control over the street, as by closing it to travel, and (2) that a view of the premises could not be awarded, and it would be improper for the jurors to visit the scene, because of the changed conditions, and that this was the only purpose of the statement. However the statement of counsel may have come about, the judge at once sustained the objection of the attorneys for defendant, and told the attorney making the statement he ought not to have made it. The judge would doubtless have instructed the jury further, had he been requested, but counsel evidently did not think the incident of sufficient importance to request him to do so. Under these circumstances, we do not think a new trial should be ordered because of what was said by the attorney.

We have considered all of defendant's assignments of error.

Judgment is affirmed.

CARPENTER, MCALVAY, OSTRANDER, and HOOKER, JJ., concurred.