JOHN G. TOWNSEND, JR., and JULIAN E. TOWNSEND, trading as
J. G. Townsend & Son, defendants below, plaintiffs in error,
*vs.* GEORGIA POYNTER, Widow of Carl Poynter, deceased,
plaintiff below, defendant in error.

(*June* 23, 1925.)

WOLCOTT, Chancellor, PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Daniel J. Layton* for defendant below, plaintiff in error.

*James H. Hughes* for plaintiff below, defendant in error.

Supreme Court, January Term, 1925.

No. 49, February Term, 1923.

HARRINGTON, J., delivering the opinion of the court:

The bill of exceptions filed was intended to raise three questions. Whether the court below was in error: first, in refusing to instruct the jury to find a verdict for the defendants below, the appellants in this court; second, in declining to take notice at the trial of the alleged statements of the counsel for the plaintiff below to a witness for the defendant below while cross-examining such witness; and third, in refusing to grant a new trial to the de-

fendant below, among other reasons, because of the failure or refusal of the trial court to admonish counsel for plaintiff below because of certain remarks alleged to have been made by him to a witness for the defendant below while cross-examining him.

With respect to the first assignment of error, it is apparent from the motion for binding instructions that the attorney for the defendants below, the appellants, did not even contend that there was no evidence, whatever, of negligence on the part of his clients to be considered by the jury, nor does he take that position in this court. He does contend, however, that the great preponderance of the evidence was in favor of the defendants below and that the plaintiff's case was based almost entirely on the testimony of Roy Case, the driver of the car in which Poynter was riding at the time he was injured.

He further contends that there were some inconsistencies in portions of the testimony of Case.

In analyzing the testimony it must be remembered that it was conceded that there were no rear lights on the truck or the trailer and that the main question at issue at the trial was the time of the day when the collision took place. Whether there was any evidence of negligence on the part of the defendants below depends upon the answer to that question.

■ (The testimony was then analyzed by the Court and the conclusion reached that while the preponderance of the evidence in the court below supported the contention of the defendants below that the collision happened less than one-half hour after sunset and that it was not dark at the time; that there was nevertheless evidence in the record on which a verdict for the plaintiff below could be founded.) When there is such evidence that it has long been the general policy of this court to leave the issues of fact raised, to the determination of the jury, is clear. *Del. City S. & P. Co. v. Reybold*, 8 *Houst.* 203, 226, 14 *A.* 847; *Burton v. P. W. & B. R. R. Co.*, 4 *Harr.* 252; *P. B. & W. R. R. Co. v. Gatta*, 4 *Boyce* 38.

■ That being true, we cannot set aside the verdict in the court below by reason of the first assignment of error.

The plaintiff below contends that this is the only question properly before this court because of the failure of the record to show the matters of fact relied on in the second and third assignments of error, and also because of the lack of proper exceptions appearing upon the record.

That there is some force in these contentions is evident.

The stenographer's transcript of the testimony taken at the trial in the court below, which is incorporated in the record sent up to this court merely shows that a witness called by the defendants below while being cross-examined by the attorney for the plaintiff below was asked, "What called your attention to the fact that at that particular time the streets lights were not on?" And that the witness answered the question in part but was interrupted by the attorney who asked the question by the statement, "I withdraw the question."

This record, therefore, shows no objectionable comment by such attorney, no objection to any such comment, if made, no ruling of the court with respect thereto and no exception noted to any such ruling.

Under the ancient common-law rule, a writ of error would lie only for an error in law apparent upon the judgment roll—or what is now called the strict record. For an erroneous decision that did not appear upon such record there was then no redress by writ of error. *Nalle v. Oyster*, 230 *U. S.* 165, 176, 33 *S. Ct.* 1043, 57 *L. Ed.* 1439; *Freeburgh v. Lamoureux*, 12 *Wyo.* 41, 48, 73 *P.* 545: 4 *C. J.* 215, 216.

This defect in the common-law procedure was remedied by the Statute of Westminister II, passed during the reign of Edward I, which provided for a bill of exceptions in such cases. A similar statutory provision exists in this state. See *Ownbey v. Morgan's Ex'rs*, 7 *Boyce* 297, 315, 316, 105 *A.* 838.

*Section* 4438, *Revised Code* 1915, while providing for an exception as the basis of a writ of error in case of an adverse ruling on any question of law to which such a writ will lie, also provides that the Chief Justice, or in his absence from the trial the justices present "shall sign a bill, if presented, truly stating such exception,

with all matters requisite for understanding the same. The bill, so signed, shall be a part of the record, and the matter of law therein appearing shall be considered on a writ of error." .

*Rule* 22 of the Supreme Court Rules, also, in part, provides that a bill of exceptions "shall contain only such statements of facts as may be necessary to explain the bearing of the ruling upon the issues or questions involved."

An inspection of the bill of exceptions, signed by the trial court, which, therefore, composes a part of the record in this case, shows, however, that it goes a step further than the stenographer's record. It states that counsel for plaintiff below, in the presence and hearing of the jury, in withdrawing the question above quoted not only said, "I withdraw the question," but also added, "You would say anything he (meaning counsel for defendants below) wanted you to say."

The bill of exceptions, also states:

"To which statement of counsel for the plaintiff the defendants then and there excepted and the court, notwithstanding such exception, declined to take notice of such statement of counsel for the plaintiff and of the exception then and there offered by the defendants."

It is true that it appears that the defendants below excepted, but such exception was apparently to the statement of the opposing counsel.

It is likewise true that it appears that:

"The court * * * declined to take notice of the said statement of counsel and of the exception then and there offered by the defendants."

An objection always precedes an exception, and while there is no set form by which an attorney must except, it must clearly be to the ruling of the court and an exception to the statement of counsel is not sufficient to preserve in the appellate court the rights of the party making it. 2 *R. C. L.* 440; 46 *L. R. A.* 641; *Mainard v. Reider*, 2 *Ind. App.* 115, 28 *N. E.* 196; *Ala. G. S. R. Co. v. Frazier*, 93 *Ala.* 45, 9 *So.* 303, 30 *Am. St. Rep.* 28.

In analogy to well-settled rules of interpretation applicable to other writings, in case of doubt, a bill of exceptions must be construed most strongly against the person filing it and

if it admits of two constructions, one of which will lead to the reversal of the judgment below and the other of which will support such judgment, the latter construction will be applied. 2 *R. C. L.* 149; *Brewer v. Strong,* 10 *Ala.* 961, 44 *Am. Dec.* 514; see also *Riggin v. Patapsco Ins. Co.,* 7 *Har. & J. (Md.)* 279, 16 Am. *Dec.* 302.

As it does not clearly appear that there was a preceding objection it would seem that the word "exception" in this case must be construed to have been used in the sense of objection. If it be otherwise construed it would appear that it was an exception to the statement of counsel and not to the ruling of the court.

It, therefore, does not clearly appear either from the stenographer's notes or from the bill of exceptions that an exception was noted to any ruling of the trial court with respect to the statements made by the plaintiff's attorney while cross-examining the witness in question. That being true this court cannot consider the question intended to be raised by the second assignment of error.

Substantially the same statement of facts appearing in the bill of exceptions with respect to what took place at the trial was also incorporated in the motion for a new trial, and in the affidavits and testimony taken in support of such motion, though the additional fact appears that the trial court was requested to admonish counsel for his remarks, but that it failed to do so.

So far as this phase of the case is concerned, the motion for a new trial was, therefore, apparently based on that ground. The record clearly shows that this motion was refused but it does not in clear and explicit language show an exception to such ruling of the trial court.

The bill of exceptions states:

"And the court, after a motion in arrest of judgment and for a new trial had been made and argued on behalf of said defendants, having refused to grant a new trial to said defendants, thereupon the court, at the request of counsel for the defendants, did sign and seal this bill of exceptions," etc.

Whether this court will consider the third assignment of error on its merits depends in part upon the question whether this state-

ment in the bill of exceptions can be construed as doing away with the necessity for an explicit exception to the refusal of the court signing it to grant a new trial. *Bringhurst v. Harkins*, 2 *W. W. Harr.* (32 *Del.*) 424.

It is not denied that the decision of the court below on the motion for a new trial was announced by letter instead of in open court.

It is, therefore, contended that there was no opportunity to note on the record an exception to the court's ruling and that the signing and sealing of the bill of exceptions by the court, at the request of counsel, was tantamount to the allowance of an exception to its ruling on such motion.

According to the proper practice the court below should have been requested to note an exception on the record. *Bringhurst v. Harkins, supra*. But while we do not approve of the procedure adopted, owing to the peculiar circumstances, we will not refuse to consider the case on its merits on that ground.

It is further contended, however, that the affidavits and testimony presented in support of the motion for a new trial cannot be considered to supplement the stenographer's record taken at the trial in the court below.

*Section* 3694, *Rev. Code* 1915, provides for a court stenographer, whose duty it shall be "to report all evidence, opinions, and other matters as the court shall order."

*Rule* 56 of the Superior Court Rules provides that:

"The notes of the evidence and rulings therein taken by the court stenographer in any cause, shall be the record thereof and the same shall not be altered unless the court, for manifest error, shall so order."

The trial court filed no written opinion and so far as the record discloses gave no reasons for refusing to grant a new trial. The record shows that affidavits were presented and that oral testimony was heard in support of the motion, but it shows nothing more.

Whether *Rule* 56 was intended to apply to a case of this kind is not beyond question; if it was, whether the proceedings in the trial court on the motion for a new trial amounted to such an order as was provided for by such rule is also subject to question.

But, however, that may be, the court below must be affirmed even if the case be considered on its merits.

█ It is true that the discretion of the trial court in disposing of a motion for a new trial is not absolute and unlimited but is purely a legal discretion.

The question before us, therefore, is whether that court failed to exercise a proper legal discretion in refusing to grant a new trial for the reasons alleged in the third assignment of error. See *Bringhurst v. Harkins*, 2 *W. W. Harr.* (32 *Del.*) 424, 122 *A.* 783.

█ We have already disposed of the sufficiency of the evidence to support the verdict and will, therefore, merely consider the third exception with respect to the cross-examination of Dr. Hammond. It is not contended that there is anything on the record that in the slightest degree justified the remarks of the counsel for the plaintiffs below quoted in the motion for a new trial.

That such remarks were improper and that the court below should, therefore, have admonished the counsel making them, and, if requested, or even on its own motion, should have directed the jury to disregard such remarks when considering the evidence, is clear.

That the defendants below, the appellants in this court, were entitled to a fair trial in the court below is also too clear to require the citation of any authorities. ·

█ Whether, however, that right was seriously infringed in this case to their detriment is another question. That in motions for new trials each case is governed by its own particular facts (*Chase v. Chicago*, 20 *Ill. App.* 274; *St. Louis, Iron Mountain & So. R. Co. v. Baback*, 71 *Ark.* 427, 75 *S. W.* 473; *State v. Pancoast*, 5 *N. D.* 516, 67 *N. W.* 1052, 35 *L. R. A.* 518, 538; *L. R. A.* 1918*D*, 50), and that a new trial will not be granted, even though there be error, unless such error be manifestly prejudicial to the party asking for it, is also clear. *L. R. A.* 1918*D*, 49; 2 *R. C.,L.* 453; *C. & A. R. Co. v. Pillsbury*, 123 *Ill.* 9, 14 *N. E.* 22, 5 *Am. St. Rep.* 483; *Chase v. Chicago*, 20 *Ill. App.* 274; *Barr v. Clinton Bridge Works*, 179 *Iowa* 702, 161 *N. W.* 695; *Angle v. Bilby*, 25 *Neb.* 595, 41 *N. W.* 397; *Baltishill v. Humphreys*, 64 *Mich.* 514, 38 *N. W.* 581.

The same general principle is recognized in all the cases cited by the appellants, though different results have been reached by different courts in applying such principle.

It appears from the record on the motion for a new trial that the trial court was merely asked to admonish counsel. It is true that the court failed to do this, but, assuming that it considered the case on its merits, its refusal to grant the new trial must have been because that court was of the opinion that the defendants below were not prejudiced by the remarks of plaintiff's counsel, or by its failure to admonish him with respect thereto.

In *Wendler v. Peoples' House Fin. Co.*, 165 *Mo.* 527, 542, 65 *S. W.* 737, the court, in refusing to set aside an order of the court below, refusing to grant a new trial because of certain remarks made by one of the attorneys in addressing the jury, said:

"The trial judge, having heard all the arguments, is in a much better position to know whether an improper influence has been exerted than this court can possibly be, with only a fragment of the speech quoted before it."

It is true that the facts of the case quoted were different from the facts of the case now being considered, but the principle involved is precisely the same. The trial court in this case heard all of the evidence and knew not only what was said by the attorney for the plaintiff below, but how it was said, what the other testimony was, and, therefore, was in a much better position than this court can be to form an opinion as to whether such remarks had any effect, whatever, on the jury. See also to the same effect *McLane v. Pascha*, 74 *Tex.* 20, 11 *S. W.* 837; *St. Louis, Iron Mountain & So. R. Co. v. Baback*, 71 *Ark.* 427, 75 *S. W.* 473; *Barr v. Clinton Bridge Works*, 179 *Iowa* 702, 161 *N. W.* 695.

In *Barr v. Clinton Bridge Works*, 179 *Iowa* 702, 161 *N. W.* 695, *supra*, the court in refusing to set aside the order of the court below refusing to grant a new trial stated that though the attorney for one side went beyond the bounds of propriety in opening his case to the jury that:

"Unfortunately the alleged offensive language was not taken down or preserved by the official reporter and it is brought into the record by the use of affidavits of interested parties and counsel aided to some extent by bystanders and jurors. We interfere with the result upon ground so shown with reluctance and only upon convincing showing of error and prejudice."

It is true that there may be cases where the misconduct of counsel is so grossly improper that its natural tendency would be to prejudice the opposite party with the jury. The cases cited by the appellants were based upon this theory. None of them, however, involved facts similar to those existing in the case on trial. It is possible that the principle above stated might be particularly applicable where the evidence was not only conflicting on vital points but where it was also evenly balanced between the parties. *Northern Texas Co. v. Nicholson (Tex. Civ. App.)*, 188 *S. W.* 1028; *Killoren v. Meehan*, 68 *Mo. App.* 212. But this is not a case of that character.

From an analysis of the evidence it is apparent that the testimony of Dr. Hammond was comparatively unimportant. He was not present at or about the time of the accident and his testimony simply related to the question as to how dark or light it was when he was told at his store in Georgetown by Mr. Julian E. Townsend about the accident and requested by him to see the injured party. This was about the time the southbound passenger trains pulled out of Georgetown and was after the accident had happened.

The record shows that Georgetown is 3.7 miles from Redden, and according to the evidence of other witnesses, one of these trains was scheduled to leave Georgetown on the night in question at 7:01 and the other at about 7:10; whether they left on time does not appear.

Even if the remarks of counsel had any effect at all on the testimony of Dr. Hammond it could not possibly have affected the testimony of any other witnesses for the defendants below. It is evident that the jury based its verdict for the plaintiff below largely on the testimony of Roy Case as to the time when he and Poynter left Dover and the time that it took them to run the approximate distance of 30½ miles from Dover to the Redden Cross Roads, and disregarded the evidence of other witnesses who were either present at the exact time of the accident or very soon thereafter. While, therefore, the remarks of counsel were objectionable, it is not so apparent to this court that the defendants below, appellants, were prejudiced thereby that we feel justified in holding that the

court below abused its discretion in refusing to set aside the verdict and to order a new trial.

This feeling is strengthened by the fact that counsel for the defendants below, appellants, merely asked that counsel be admonished and apparently did not deem such remarks of sufficient importance to request any specific instructions to the jury with respect to them. *American Electric Works v. N. E. Electr. R. Con. Co.*, 186 *Mass.* 546, 72 *N. E.* 64; *Warn v. City of Flint*, 140 *Mich.* 573, 104 *N. W.* 37.

The order of the court below refusing to grant a new trial is, therefore, affirmed.