HENRY HAAS v. VAUGHN B. JONES.

(*January* 6, 1953.)

Argued before RICHARDS, P. J.

*Frank J. Miller*, Attorney for the Plaintiff.

*Donald W. Booker*, Attorney for the Defendant.

Superior Court for New Castle County, No. 409, Civil Action, 1951.

**RICHARDS, P. J.:**

Rule 59(a) provides that a new trial may be granted to all or any of the parties, and on all or any part of the issues, in an action in which there has been a trial, for any of the reasons for which new trials have heretofore been granted in actions at law in the Superior Court.

This Court has consistently held that the jury is the exclusive judge of the evidence, and also the exclusive judge of what constitutes the preponderance of the evidence. It has refused to set aside a verdict of the jury when there is sufficient evidence in the record to support it.

■ Where the evidence is conflicting but sufficient evidence may be gathered therefrom to support a verdict for either party, the issue of fact will be left to the jury. Under such circumstances, the Court will neither direct a verdict for either party nor disturb the verdict of the jury upon the ground that it is against the evidence.

*Philadelphia, B. & W. R. Co. v. Gatta*, 4 *Boyce* (27 *Del.*) 38, 85 *A.* 721, 47 *L. R. A., N. S.*, 932; *Townsend v. Poynter*, 3 *W. W. Harr.* (33 *Del.*) 53, 130 *A.* 267.

The first three reasons assigned for a new trial require consideration of the testimony and the weight to be given to it. The plaintiff Haas testified that his car entered the intersection first; that the defendant Jones was driving fast when he first saw him and continued to drive fast until the collision; that defendant made no attempt to change his course or slow down; that defendant admitted after the accident that he had not seen plaintiff's car prior to the collision.

The plaintiff further testified that he was looking for traffic as he approached the intersection from the right travelling about 15 miles per hour and saw the defendant's car as soon as visibility up Pine Street permitted it; that he applied his brakes and came to a stop with the front of his car a little beyond the center of the intersection; that the skid marks made by his car started two or three feet east of the east curb line of the intersection and extended into the intersection.

The plaintiff's testimony was corroborated in part by Blanche Fernald, Dorothy Letts and Anna Sylvester.

The defendant testified that he was proceeding South at a slow rate of speed on the right side of Pine Street intending to park in the 600 block on Pine Street; that he saw the soft drink truck parked on the corner heading South on Pine Street and that the visible portion of Sixth Street was clear of on-coming traffic; that when he entered the intersection he saw the automobile of the plaintiff approaching at a rapid rate of speed and

attempted to get out of the way but was unable to do so. That he heard the screech of tires of plaintiff's car and saw the skid marks made by it which extended 30 to 40 feet beyond the intersection. When asked if he was watching the plaintiff's car, he replied, "I had glanced at his car and saw his car and took another quick glance around in order to try to cut up Sixth Street". He testified that he did not see Mr. Haas in his car at the time of the accident but did see two girls.

The witness, John Miles, who testified for the defendant stated that he was standing in front of his ice house about 30 feet South of the intersection on Pine Street and saw the defendant's car proceeding at a moderate rate of speed. That he saw the defendant's car enter the intersection but did not see the plaintiff's car until he heard the bang. He was unable to see how fast the plaintiff's car was going at the time of the collision because it came out of Sixth Street and he was looking up Pine Street.

I am convinced that the question of negligence by either the plaintiff or the defendant, and also the question of the sufficiency of the evidence, was properly left to the jury and the defendant is not entitled to a new trial for those reasons.

The next reason relied upon for a new trial, is that Sergeant Coulter, a member of the Wilmington Police Force, who investigated the accident, and was subpoenaed to appear and testify, was ill and unable to be present.

The rules of Court do not specify any particular time for subpoenaing witnesses who are desired to testify at the trial of a cause.

Due diligence requires that an attorney ascertain if his witnesses are present, or will be present, before proceeding to trial. If a witness who has been properly summoned fails to appear on the day of trial, he may decline to proceed and ask for an attachment for such absent witness. If, however, an attorney proceeds with the trial of a case when a witness who has been subpoenaed is not present, without asking for an attach-

ment to compel the attendance of such witness, he does so at his own risk and must suffer the consequences. *Woolley Delaware Practice*, sec. 578, page 413.

■ The record does not disclose that the attorney for the defendant had Officer Coulter called, or that he asked for an attachment or requested a continuance. Both the attorney for the plaintiff and the attorney for the defendant stated that they were ready to proceed with the trial of the case.

Officer Coulter was subpoenaed *duces tecum* the records of the Police Department which contained a report of the accident. These records had been taken out of the file by him and when he failed to appear the records were not available. The defendant did not have to depend upon Officer Coulter for these records, however, he could have subpoenaed the custodian of the police records *duces tecum* for that. In fact, that is the proper course to take.

The defendant also contends that he is entitled to a new trial on the ground of after discovered evidence. In support of this ground an affidavit made by Blanche Szelc, who lived at 505 Pine Street at the time of the accident, was filed. This affidavit sets forth that she had known Anna Sylvester for more than twenty years, that she was at the scene of the collision immediately after the crash and could not have been, as she herself testified, over a block away. The affiant had moved from the neighborhood to a part of the city some distance away, consequently the defendant was unable to learn who she was and locate her until after the trial.

■ The Courts of this State have long recognized that after discovered evidence is a valid reason for granting a new trial. Whether a new trial will be granted in a particular case rests in the sound discretion of the court. In determining the advisability of granting or refusing a new trial on the ground of after discovered evidence the court must exercise a reasonable discretion.

Various definitions can be found for what constitutes the exercise of discretion. In the case of *Bringhurst v. Harkins*, 2 *W. W. Harr.* (32 *Del.*) 324, 122 *A.* 783, 787, the Court said: "Judicial discretion does mean, and can mean, nothing else but exercising the best of the court's judgment upon the occasion that calls it forth."

In the same case the Court stated the requirements for granting a new trial on after discovered evidence, to be, that said evidence must be such as will probably change the result if a new trial is granted; that it has been discovered since the trial, or could not have been discovered before the trial by the exercise of due diligence; that it is material to an issue in the case; that it is not merely cumulative to the original evidence, and that it does not merely tend to impeach or contradict the evidence given at the original trial.

At the trial Anna Sylvester testified that she got out of the automobile about a block from the scene of the accident which was corroborated by two other witnesses who testified for the plaintiff. She further testified that after hearing the noise of the collision a few minutes later, she ran to the place where it occurred.

There was no dispute as to the time and place of the accident. Anna Sylvester and the affiant, Blanche Szelc, do not agree as to the exact time she arrived at the scene of the accident, but it is not disputed that she was there shortly thereafter. Both could have been mistaken as to the exact time. The testimony of the affiant would simply contradict the testimony of Anna Sylvester. At best, it would not be material to anything which was a real issue in the case.

I am not convinced that the after discovered evidence which the defendant desires to offer, would probably change the result if a new trial should be granted.

The motion for a new trial is refused.