**SUSSEX POULTRY CO., INC.,** a Delaware corporation, Plaintiff below, Appellant,

v.

The **AMERICAN INSURANCE COMPANY,** a New Jersey corporation, Defendant below, Appellee.

Supreme Court of Delaware.

Jan. 22, 1973.

Walter L. Pepperman, II, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellant.

William Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant below, appellee.

Before CAREY and HERRMANN, Associate Justices, and DUFFY, Chancellor.

PER CURIAM:

This appeal follows from an unsuccessful effort by plaintiff-insured to persuade a jury that damage to its poultry house was caused by wind, a covered risk under a policy of insurance issued by defendant. Plaintiff contends that causation was established as a matter of law and that it was unfairly prejudiced by remarks of defendant's counsel in closing arguments to the jury and by various rulings of the Trial Court.

We have considered these arguments and conclude that they are not so persuasive that the judgment below should be reversed. Accordingly, it will be affirmed with these comments:

■ (1) *Causation*: A special interrogatory was submitted to the jury which found that plaintiff had not proved by a preponderance of the evidence that damage to the building was proximately caused by windstorm. There was evidence to support the finding of the jury and on appeal its verdict is conclusive. Art. 4, § 11, Constitution; Haveg Corporation v. Guyer, Del. Supr., 226 A.2d 231 (1967). Plaintiff's evidence showed that the damage was discovered on March 21, 1969; plaintiff relied upon a hypothesis developed from weather data and other circumstances to show that wind damaged the property during a storm on November 11 or 12, 1968. Defendant, by an expert witness and through other evidence, attempted to demonstrate that the building collapsed from the weight of snow on the roof. Given the very nature of plaintiff's evidence, we cannot say, as a matter of law, that it established causation. The jury obviously thought it did not and it was well within its jurisdiction in so saying.

■ (2) *Argument by counsel:* The ruling by the Court after interrogation of the juror was imprecise * but it was clear

---

* The pertinent part of the transcript reads:
  "THE COURT: All right, now do you understand that, Mr. . . . [Juror], that you must not mention it to the other jurors but you may discuss with them the ideas which you put forth in this memorandum?
  . . . [JUROR]: Yes, sir.
  THE COURT: You may discuss those ideas with them but you must not tell them that you put those ideas to the Court.
  . . . [JUROR]: No, I didn't plan to.
  THE COURT: Does that do it, gentlemen?
  . . . [JUROR]: Sorry. (. . . [Juror] left the chambers.)
  THE COURT: That is all right, sir.
  MR. PRICKETT: Your Honor, I take it the ruling is that there will be no further evidence on the ideas advanced in the memorandum from the juror but counsel are free to discuss it in closing, discuss the ideas, not the note?
  THE COURT: That is the stipulation that you counsel . . . .

  MR. PEPPERMAN: Just one further thing, Your Honor: Mr. Prickett, in summarizing this a moment ago, indicated what he thought was the agreement of everybody that there was going to be no further evidence on the ideas contained in this letter, and I think that was part of my initial position, but I don't know that counsel should then be permitted to expound on these ideas in closing to the jury when there has been no evidence on the point.
  THE COURT: Well, there won't be; there won't be any evidence on which you can comment.
  MR. PEPPERMAN: Well, I think that is right, and Mr. Prickett noted that counsel would be free to refer to this

that counsel (a) could not refer to the fact that a juror had sent a note to the Court but, (b) could argue the ideas in the note if they were based upon evidence or inferences therefrom. In his summation defendant's counsel did not refer to the note but did argue ideas advanced in it.

Plaintiff's counsel stated to the Court that his "expert . . . testified that it is his theory that the post was lifted off the pin, and that is part of my evidence and I will argue that." Defendant's counsel had a right to discuss such evidence and that is what he did in arguing that the theory was not supported by evidence from the wreckage.

We note also that plaintiff did not raise an objection before the jury retired and so did not give the Trial Court an opportunity to rectify any damage done; this is an additional reason for refusing to find error as the basis of counsel's remarks. 53 Am. Jur., Trial § 505.

On this record we cannot say that defendant's counsel violated the instructions of the Court or that they were unfairly prejudicial to plaintiff.

■ (3) *Newly-discovered evidence:* We can understand plaintiff's desire to get before a jury what it found by post-trial inspection of the property but it had complete control of the building for some two years between the date when the damage was discovered and the date when the trial started. On these facts plaintiff has failed to show that with reasonable diligence it could not have discovered the evidence before trial. Compare Bata v. Hill, Del. Supr., 39 Del.Ch. 548, 170 A.2d 711 (1961) and Haas v. Jones, Del.Super., 8 Terry 415, 93 A.2d 915 (1953).

\* \* \*

Other arguments have been considered and found to be either irrelevant or without merit.

\* \* \*

Affirmed.

---

point in their closing and it just occurred to me, how can counsel argue on something that is not in evidence, and I think that should be cleared up.

MR. PRICKETT: Well, let me make it perfectly clear, Your Honor. In argument we are free to explore and argue the ideas that are advanced and point out the reasons why the ideas are not good, so that that is legitimate argument, and Mr. Pepperman himself suggested the distinction, after I put it on the record, that he was going to be free to argue this in his closing, and it was his statement that he would be free to argue it and I said yes, that is correct, that there will be no evidence on the point but you are free to argue it, so that is where the matter stands.

MR. PEPPERMAN: Well, Your Honor, I might say that I have evidence in the record—I have an expert who testified that it is his theory that the post was lifted off the pin, and that is part of my evidence and I will argue that.

THE COURT: You can argue that. The only thing I was trying to say was that you can't argue what is in this letter, in this memorandum; you can't argue that. Now there may be certain inferences which might be suggested by this letter from the evidence already in— either one of you could certainly do that— but you cannot argue—

MR. PRICKETT: You can't refer in any way to that letter.

THE COURT: That is correct.

MR. PRICKETT: That is sealed between that juror and the Court and ourselves and nobody is to refer to that letter directly or indirectly, but the ideas are arguable if they are a fair inference from the evidence or a fair inference that there is no evidence to support the pin theory.

THE COURT: Okay.

MR. PRICKETT: Right, Your Honor."