**Florane M. REEVES, Plaintiff Below, Appellant,**

v.

**AMERICAN AIRLINES, INC., a corporation of the State of Delaware, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 13, 1979.

Decided Oct. 19, 1979.

Donald W. Booker, Wilmington, for plaintiff-appellant.

Edmund N. Carpenter, II and James McC. Geddes, of Richards, Layton & Finger, Wilmington, for defendant-appellee.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

PER CURIAM:

It appears to the Court from the briefs and arguments of the parties and the record of this appeal that:

(1) The plaintiff was removed from the defendant's commercial aircraft by its pilot at an airport short of her destination for failure to comply with airline regulations and his instructions regarding the presence of pets on board the aircraft.

(2) As a result of that incident, the plaintiff brought suit against the defendant in the Superior Court alleging compensatory and punitive damages.

(3) During the trial, the Trial Judge directed a verdict on the issue of punitive damages in favor of the defendant.

(4) During its deliberations, the jury requested additional instruction, which they received from a judge appointed to substitute for the Trial Judge, not from the original Trial Judge who was absent with the consent of both counsel.

(5) The jury returned a verdict in favor of the defendant.

(6) The plaintiff contends:

(a) That the action by the defendant's pilot constituted a wanton and wilful act sufficient to sustain an award of punitive damages; that the issue of the wilfulness or wantonness of the act was a question of fact, not law; that, therefore, the directed verdict in favor of the defendant was improper.

(b) That the jury was confused by the instructions given originally by the Trial Judge and that the subsequent instructions by the substitute Trial Judge did not correct the confusion, thus preventing the jury from properly deliberating on this case and denying the plaintiff her right to trial by jury.

(7) There was no reversible error on any of the grounds asserted on this appeal:

■ (a) The Trial Judge did not err in directing a verdict in favor of the defendant as to punitive damages since there was no evidence of ill will or wanton or malicious conduct on the part of the defendant's pilot toward the plaintiff in view of the evidence of the plaintiff's persistent violations of airline regulations. See *Townsend v. Poynter*, Del.Supr., 3 W.W.Harr. 53, 130 A. 267 (1925); *McClain v. Faraone*, Del.Super., 369 A.2d 1090 (1977).

■ (b) There was no error in the combined charges of the two Trial Judges since the second charging of the jury clearly addressed the question presented by the jury and the jury demonstrated the elimination of its prior confusion by its failure to request further instruction, despite the Trial Judge's invitation to request further instruction if doubt or question persisted. See *Storey v. Castner*, Del.Supr., 314 A.2d 187 (1973).

\* \* \* \* \* \*

Affirmed.