## LUBBERS *v.* TOWNSHIP OF MANLIUS.

1. HIGHWAYS AND STREETS—INSTRUCTIONS TO JURY—TOWNSHIPS.

In an action for damages to plaintiff's horse, wagon, and merchandise, resulting from their slipping down an embankment in icy weather, because of alleged negligent construction of the highway, the court did not err in charging the jury that if the road was so narrow at the point of the accident as to render barriers necessary to make it safe, defendant township was negligent in failing to erect barriers, if it had notice of the defect, that if the want of barriers was the proximate cause of the injury defendant would be liable, that if the ice which covered the road and not the want of barriers was the proximate cause of the injury plaintiff could not recover; such charge correctly distinguished between a defect in the highway and a condition caused by the natural accumulation of ice and snow, and it was not inconsistent.

2. SAME.

Instructions that the township was not liable for injuries caused by slipping on ice that gathered from natural causes, that if the icy condition of the highway was the proximate cause of the accident the verdict must be for defendant, that if at the place where the horses and wagon slipped over the embankment the road was narrow and required a barrier in order to make it reasonably safe, and the accident would not have happened even if the horses and vehicle had slipped if the highway had been in a reasonably safe condition for travel, correctly stated the applicable rules of law and were sufficiently favorable to defendant.[1]

3. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Nor did the court err in refusing defendant's request that the undisputed evidence showed plaintiff was supervisor of the defendant township up to three years before the trial, and if the highway was not in a reasonably safe condition and had been in the same condition for upwards of four years before the accident, the condition being known to plaintiff who did not notify the highway commissioner or other officers of the fact, and made no effort to have the highway made safe, he was guilty of contributory negligence.

[1] The general question of the liability of townships for defects in highways is reviewed in a note in 13 L. R. A. (N. S.) 1219.

4. SAME—NOTICE.

> Knowledge or familiarity with the condition of the highway would not preclude a recovery if the person so using the highway used what knowledge he had and exercised reasonable diligence in view of the known and existing conditions.

Error to Ottawa; Padgham, J. Submitted June 19, 1912. (Docket No. 48.) Decided October 7, 1912.

Case by John Lubbers against the township af Manlius for injuries to property resulting from defective construction of a highway. Judgment for plaintiff. Defendant brings error. Affirmed.

*Diekema, Kollen & Ten Cate*, for appellant.

*Charles R. Wilkes*, for appellee.

OSTRANDER, J. A highway running north and south in the township of Manlius was for some distance built along or upon the side of a hill, and in a curve of the highway, from the east to the west, the road was cut into the hill, the inside, or hillside, of the road being from $13\frac{1}{2}$ to 18 inches higher than the outside or declivity side. The road was steep, the land embraced in the public right of passage two rods wide and the roadbed in places, or in one place, and that the place of the accident, was but 16 feet in width. A son of plaintiff on January 11, 1911, traveled this highway with two horses and a sleigh containing merchandise. The road was slippery with ice, and the driver put a chain on each of the rear runners of the sleigh, led the horses to ascertain whether the chains would keep the sleigh from running onto the horses, and, finding that they would, mounted the sleigh and proceeded down the hill. At a point in the curve of the road, at the narrowest point above mentioned, the sleigh ran or slipped over the edge of the road, carrying the horses, killing one of them, and the merchandise was consumed by fire from a lamp carried in the sleigh to heat it. In a

suit against the township for his damages, the owner of the vehicle alleged, among other things, that defendant was negligent in not placing barriers along the road and in allowing it to remain of insufficient width for safety with a slope from east to west without barriers. Testimony was offered tending to prove the facts which have been stated, and the jury answered specially the following four questions:

"Was the injury to the plaintiff's property caused by the failure of the defendant to keep its highway on the hill in question in a reasonably safe condition for public travel?  *A.* Yes."

"Was a barrier necessary at this place to make the road reasonably safe for public travel?  *A.* Yes."

"Was the proximate cause of the accident the icy condition of the hill?  *A.* No."

"Was plaintiff's driver negligent in lighting a stove in his peddle wagon before descending the hill?  *A.* No."

A general verdict for plaintiff was returned. The assignments of error which are argued in the brief for appellant present in various forms the contention that the court, in the instructions to the jury, did not discriminate between the icy covering of the highway and the general condition of the highway as the proximate cause of the injury. The court charged the jury, as requested by plaintiff, that:

"It is the claim of the plaintiff that on January 11th last he lost a horse and merchandise and other property by reason of a defect in the public highway in the township of Manlius, and that his loss was due to negligence on the part of the township in failing to maintain the highway at that place in a condition reasonably safe for public travel.

"The evidence shows that this accident occurred while the son of the plaintiff was driving down a hill where it is claimed the traveled way was narrow and where the road made a bend around a hill, and plaintiff claims that, owing to the narrowness of the road at that point and the way the road was constructed, it was the duty of the defendant to have erected some barrier to prevent a team

from going over the bank, and that it was negligence on the part of the defendant township in not erecting such barrier, and that this condition had existed so long that the township officers either had actual or constructive notice of this unsafe condition of the highway at this point.

" I charge you, if you find by a preponderance of the evidence in this case that this roadway down this hill at and near the place where the accident occurred was so narrow that it required barriers to make it reasonably safe, then I charge you that it became the duty of the township to erect such barriers on the east side of the highway at the place in question, and, failing to do this, it would be negligence on the part of the township; and, if as a result of this negligence after the township had actual or constructive notice of the fact that this place was in an unsafe condition for public travel, Mr. Lubbers' team and sleigh and contents went over the bank and Mr. Lubbers sustained loss therefrom, and there was no fault or negligence on his part, contributory to the injury, then the defendant township would be liable for damage in this case."

It is said that these instructions are inconsistent with requests prepared by defendant and given by the court as follows:

" By statute law in this State the duty is imposed upon townships to keep their highways in repair, and if you find that the road in question when the injury to the plaintiff occurred was so narrow as to require barriers or railings to make it reasonably safe and fit for public travel, and that the defendant failed or neglected to cause such barriers or railing to be constructed and maintained at the place in question, and that plaintiff, without fault on his part, suffered injury on account of such neglect or failure, then defendant, if it had proper notice of such defect, would be liable to plaintiff in damages, provided such neglect or failure of the defendant was the proximate cause of the plaintiff's injury."

" I have charged you that if you find that it was the duty of the defendant to provide barriers along the east side of the roadbed in question where the injury occurred, and that if you further find that the plaintiff suffered damages on account of the neglect of the defendant to provide such barriers, that then the defendant would be

liable to plaintiff for such damages, provided such neglect was the proximate cause of the accident.    In other words, you must not only find that it was the duty of the defendant to provide barriers, but in addition to this, you must also find that such neglect was the proximate cause of the accident.    In other words, if you find that the slippery ice which covered the hillside and not the want of barriers was the proximate cause of the accident, then the defendant is not liable." .

We perceive no inconsistency. It is evident that the court appreciated and had in mind the distinction between a defect in a highway and a condition created by the natural accumulation of ice and snow upon a highway not defective. This distinction was observed in what the court said upon the subject of the proximate cause of the injury.

In its entirety the charge is rather favorable to defendant, for the court also said:

"A township is not liable for injuries on its highways caused by slipping on the ice that may have gathered there from natural sources; and, if you find that the icy condition of this highway on January 11th was the proximate cause of this accident, then your verdict must be no cause for action.

"By proximate cause I mean that cause which immediately precedes and produces the effect. It is that cause which sets another cause or causes in operation; the dominant cause. * * * It appears from the evidence in the case that on the day in question the roads in the township and the hill were icy. The plaintiff claims that he used due care in going down the hill, that his horses were sharp shod, that a chain was placed in front of the back runners of the sleigh to hold them back, and that before descending the hill the driver examined the rig, and found that apparently there was no danger in going down as he did. It is not claimed by the plaintiff in this case that the township was liable because the roads were icy, or because the horses or sleigh of the plaintiff slipped upon the ice; and in this case if you find there was no fault on the part of the plaintiff, and that this injury was the combined result of an accident, namely, the slipping on the ice, and the insufficiency of the road—that is, that the

road at the time and place where the accident occurred
was not in a reasonably safe condition for public travel—
and that the accident would not have occurred but for
this defect in the highway, then the plaintiff would be en-
titled to a verdict at your hands.

" Again, I charge you that, if the cause of the accident
to the plaintiff's property was the slipping upon the ice either
by the horses or of the sleigh, and there was no other
cause for the accident, then the defendant township would
not be responsible for that alone.   But if you also find
that at this place where the accident occurred the road
was narrow and required a barrier in order to make it
reasonably safe, and that the accident would not have
happened, even though the horses or sleigh had slipped,
if the highway had been in a reasonably safe condition for
public travel, and if you find that the injury would not
have been sustained but for the negligence on the part of
the township to keep the highway in a reasonably safe
condition for public travel, then I charge you the plaintiff
would be entitled to recover a verdict at your hands."

And again, as requested by defendant:

"A township is liable for injuries resulting from its
negligence, but is not liable for injuries which its negli-
gence did not prevent.   Therefore I charge you in this
case that, if you find that the ice was the proximate cause
of the accident, then, although barriers might have pre-
vented damages to the plaintiff, still the plaintiff cannot
recover on account of neglect to provide them, for the
township cannot be held liable for injuries which its neg-
ligence did not prevent."

In a recent case (*Stanton* v. *Township of Webster*,
170 Mich. 428 [136 N. W. 421]) the subject is considered
and applicable decisions cited, and we are satisfied that
the court submitted to the jury the proper questions, with
proper instructions.   *Warn* v. *City of Flint*, 140 Mich.
573 (104 N. W. 37).

Defendant requested the following instruction:

"I charge you that the undisputed evidence in this case
shows that the plaintiff was supervisor, and, as such, the
chief executive officer of defendant township up to three
years ago; and if you find that the highway on which this
accident occurred was not in a reasonably safe condition

for public travel, and had been in practically the same condition for more than four years prior to the accident, and that plaintiff while supervisor of said township knew this condition, and did not notify its highway commissioner or the overseer of highways of that district of this fact, and made no efforts to have said highway put in a safe condition, then I charge you that the plaintiff is guilty of contributory negligence and he cannot recover in this action."

And the request was refused.    It is said in argument:

"The record shows that plaintiff had held the offices of treasurer, highway commissioner, and supervisor of the defendant township, and the testimony further shows that the highway at the time of the accident, barring the ice, was in the same condition it had been for at least eight or nine years previous.    How could the plaintiff consistently claim that the officers of the township were negligent in not doing what never had occurred to him to do as an officer, although he had been perfectly familiar with the situation for so many years."

Plaintiff was not in charge of the vehicle upon the occasion in question.    And, if he had been in charge, the peremptory instruction asked for should not have been given.    The testimony did not disclose such a condition of the highway that injury was to be necessarily apprehended.    *McTiver* v. *Township of Grant,* 131 Mich. 456 (91 N. W. 736).    The jury was instructed upon this subject as follows:

"It appears from the evidence in this case on the part of the plaintiff that his son had frequently traveled over the highway in question, and was familiar with the general condition of the highway on this hill.    Now, I charge you that that fact does not necessarily forbid or preclude a recovery on the part of the plaintiff; but it did impose upon his son the obligation to use what knowledge he had and to act upon that knowledge in passing over this highway, and it placed upon him the duty to exercise that degree of care and prudence in view of the condition of the highway that an ordinarily careful and prudent man would have exercised in view of all the circumstances which surrounded the plaintiff's son at the time of the alleged accident."

This we regard as the applicable rule in a case like the one at bar.

We do not notice errors not argued in the brief, and no reversible error is pointed out.

The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, and BIRD, JJ., concurred.