BETTS *v.* CARPENTER.

1. MUNICIPAL CORPORATIONS — NEGLIGENCE — CONTRIBUTORY NEGLI-
GENCE—QUESTION FOR JURY.
    Whether a pedestrian, who was injured by a fall on ice
    on the sidewalk, caused by water dripping from the eaves
    of a building which projected over the walk, and freezing,
    was guilty of contributory negligence, *held*, a question
    for the jury, under the evidence.

2. SAME—TRIAL—INSTRUCTIONS.
    Defendant's complaint that the charge as given did not
    present his theory of plaintiff's contributory negligence,
    *held*, without merit.

3. SAME—IF FURTHER INSTRUCTIONS DESIRED REQUEST THEREFOR
SHOULD BE MADE.
    Defendant desiring further instructions as to plaintiff's
    contributory negligence should proffer a request reciting
    more fully his theory.

4. NEGLIGENCE—NUISANCE—OWNER OF BUILDING TURNING WATER
ONTO SIDEWALK LIABLE FOR INJURY CAUSED BY ICE FORMING
THEREON.
    An abutting property owner who creates a condition which
    artificially turns water across a sidewalk in such a way
    as to freeze and render the walk unsafe, is guilty of creat-

[1]Municipal Corporations, 43 C. J. § 2052; [2]Id., 43 C. J. § 2061; [3]Appeal and Error, 3 C. J. § 756; Trial, 38 Cyc. pp. 1693, 1696; [4]Municipal Corporations, 43 C. J. § 1869; 58 L. R. A. 328; 9 L. R. A. (N. S.) 598; 28 L. R. A. (N. S.) 200; 51 L. R. A. (N. S.) 309; 34 A. L. R. 411; 13 R. C. L. 416; 5 R. C. L. Supp. 701; 6 R. C. L. Supp. 765.

ing and maintaining a nuisance, and is liable for injury to pedestrians thereby caused.

5. SAME—ICY SIDEWALK—DEFENDANT'S NEGLIGENCE FOR JURY.
   In an action by a pedestrian for injuries caused by a fall on an icy sidewalk, where it was undisputed that the condition of the sidewalk, if it was dangerous, was caused by water dripping from the eaves of defendant's building which projected over the sidewalk, and freezing, the condition of the sidewalk and defendant's knowledge concerning it were questions for the jury to consider in determining his negligence.

6. NEW TRIAL—PROPERLY DENIED WHERE EVIDENCE SUFFICIENT TO SUPPORT VERDICT.
   Where there was evidence presented which the jury had a right to believe, and which, if they found it true, was amply sufficient to support the verdict, the motion for a new trial was properly denied.

Error to Menominee; Flannigan (Richard C.), J. Submitted April 12, 1927. (Docket No. 73.) Decided June 6, 1927.

Case by Ernest A. Betts against W. S. Carpenter for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*John J. O'Hara* (*Matt F. Bilek,* of counsel), for appellant.

*H. J. Rushton,* for appellee.

MCDONALD, J. This action was brought to recover damages for injuries sustained by falling on an icy sidewalk in the city of Menominee, Michigan. At the time of the accident the defendant was the owner of a frame garage building erected so close to the street that the eaves projected 18 or 20 inches over the sidewalk. There were no eavetroughs on the building, and, during thawing weather, water dripped

⁵Municipal Corporations, 43 C. J. §§ 2045, 2049; ⁶New Trial, 29 Cyc. pp. 830, 832.

from the roof onto the sidewalk, where it froze and formed a ridge of ice and rendered the walk dangerous for pedestrians.    It is the plaintiff's claim that about 6 o'clock in the morning of January 20, 1925, while on his way to work, he slipped on this ice, fell, and sustained serious injuries.    The negligence charged to the defendant is that he maintained his building in such a way that water dripped from the roof upon the sidewalk where it became frozen and was allowed to accumulate and remain a menace to public travel.    The defendant denies that he was negligent in the manner charged.    He says that he employed a servant to keep the sidewalk free from ice; that it was kept in a safe condition for public travel; but that in any event he is not liable in this action because the plaintiff was guilty of contributory negligence, in not watching where he was walking, and in failing to observe the condition of the walk, which was apparent to any pedestrian using ordinary watchfulness.    Urging the claim that, as a matter of law, the plaintiff was guilty of contributory negligence, counsel for the defendant requested the court to direct a verdict for the defendant.    The court declined to do so and submitted the issue to the jury.    The plaintiff received a verdict and judgment for $3,473.    The defendant moved for a new trial and assigned as reasons therefor that the verdict was contrary to law and against the great weight of the evidence; that it was excessive; and that the defendant's theory of the plaintiff's contributory negligence was not presented to the jury in the court's charge.

The first assignment of error presents the question of contributory negligence.    It is urged by counsel for the defendant that there was a safe place to walk on either side of the ridge of ice in the center of the sidewalk, which the plaintiff would have observed if he had been using ordinary care for his own safety,

and that in failing to use such care he walked in a dangerous place instead of in a safe place, and therefore was guilty of negligence which contributed to his injury, and which bars his right to recover in this action. Counsel for the defendant unsuccessfully undertook to establish this theory in his cross-examination of the plaintiff, as the following quotation from the testimony will show:

"Q. And this ridge of ice you speak of was, so far as the center of the concrete was concerned, in the center?

"A. It was about two feet and a half from the building and about the center of the sidewalk.

"Q. You had three feet of the south side of the sidewalk to walk on without striking the ridge?

"A. No, you couldn't walk there if you wanted to.

"Q. Why?

"A. Because it sloped off from that ridge down.

"Q. How about the three feet on the north side of the walk, up closer to the building? Was there room there to walk?

"A. It sloped from that ridge both ways.

"Q. So the only place in the sidewalk, according to your testimony, was the center of the sidewalk where the ridge was?

"A. You could walk it providing you were very careful and knew that the ice was there.

"Q. Was there ice all over the sidewalk, or just at this point in the center?

"A. The length of the building.

"Q. The length of the building it was all ice?

"A. Pretty nearly all ice."

Mrs. Beland, a witness for the plaintiff, testified to the condition of the sidewalk at the time of the accident:

"Q. What was the condition of the walk alongside of the Carpenter building?

"A. In the winter it was in bad condition; as bad as I ever seen it; I wouldn't know what side to go; I didn't know where to go.

"Q. Just tell the jury how it was.

"*A.* Well, all I can say, it was up this way, and you didn't know what way to go through. * * * It was the worst I ever saw about the 20th of January, at the time Mr. Betts got hurt."

Mr. Clannecan, a witness for the plaintiff, testified:

"Well, it was in bad shape all winter, because the water dropped down and when it froze it freezes high; it is up sometimes so nobody can pass on it. * * *

"*Q.* Would the ice form so it was level all over the sidewalk?

"*A.* When it dropped down and froze on top, in this kind of a ridge. The sidewalk was all full of water. A fellow couldn't pass there at all."

Further testimony tended to show that the plaintiff was not familiar with the condition of the walk prior to the accident. He had not used this walk that winter. It was not yet daylight at the time of the accident; and the plaintiff testifies that as he proceeded along the walk he looked ahead of him, but not down at his feet. This testimony and that which we have quoted in regard to the condition of the sidewalk at the time of the accident was in conflict with testimony introduced by the defendant. It was for the jury to determine the facts and to say whether, under the circumstances, the plaintiff was in the exercise of due care at the time he was injured. The court did not err in submitting this issue and in denying the defendant's motion for a directed verdict.

Complaint is made that in the charge as given the court did not present the defendant's theory as to the plaintiff's contributory negligence. We think that such complaint is without merit. The court correctly and fairly instructed the jury as to that issue. If the defendant desired anything further he should have proffered a request reciting more fully his theory.

In regard to the question of the defendant's liability for the negligence charged, it should be noted that the ice and water on the sidewalk adjoining his premises

did not get there from natural causes. They were turned onto a public sidewalk by artificial means, by the manner in which the building was erected and maintained.

"An abutting property owner who creates a condition which artificially turns water across a sidewalk in such a way as to freeze and render the walk unsafe, is guilty of creating and maintaining a nuisance, and is liable for injury to pedestrians thereby caused." 13 R. C. L. p. 416, § 342, and cases cited.

The cause of the dangerous condition of the sidewalk adjoining the defendant's garage, if it were dangerous at the time of the accident, is not disputed. The question as to its condition and as to defendant's knowledge concerning it was for the jury to consider in determining his negligence. With proper instructions, the court clearly and correctly submitted this question to the jury.

In respect to the motion for a new trial, we think that the circuit judge was not in error in denying it. In doing so he said:

"It is felt to be undeniable that there was presented evidence which the jury had a right to believe, and which, if they found it true, was amply sufficient to support the verdict both as to liability and damages."

We see no reason for further discussing the question. The judgment is affirmed, with costs to the plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.