GROOMS *v.* UNION GUARDIAN TRUST CO.

MUNICIPAL CORPORATIONS—SIDEWALKS—SNOW AND ICE REMOVAL
ORDINANCE—PRIVATE RIGHT OF ACTION AGAINST OWNER.
   Under ordinance requiring all persons to keep snow and ice re-
      moved from public sidewalks in the front, rear or side of their
      premises or keep them safe for purpose of walking thereon,
      a person injured by reason of the owner's failure to do so
      cannot bring private action against such owner (Detroit
      Compiled Ordinances, chap. 197, § 1; chap. 201, § 11).

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted June 13, 1944. (Docket No. 64, Cal-
endar No. 42,611.) Decided September 11, 1944.

Case by Katherine Grooms against Union Guard-
ian Trust Company, a Michigan corporation, for
damages sustained when she slipped on an icy side-
walk. Verdict for plaintiff. Judgment for defend-
ant *non obstante veredicto*. Plaintiff appeals. Af-
firmed.

*Roxborough & Taliaferro,* for plaintiff.

*Clark C. Coulter (Victor H. Hampton,* of counsel),
for defendant.

SHARPE, J.   This is an action instituted by
Katherine Grooms, plaintiff, against the Union
Guardian Trust Company, as defendant, for the re-
covery of damages for an injury sustained by plain-
tiff on March 14, 1940.

The record shows that on the day in question plaintiff fell on a sidewalk adjacent to or near the vicinity of premises known as 8339 Oakland avenue, in the city of Detroit, as the result of an accumulation of snow and ice, and was severely injured. The record also shows that the ordinance in effect in the city of Detroit on the day in question, in so far as it is material in this action, reads as follows:

"Chapter 197, Compiled Ordinances:

"SECTION 1. No person, firm or corporation shall permit any snow or ice to remain on the sidewalks in the front, rear or sides of any house, premises, building or lot owned, occupied or controlled by him or it, longer than 24 hours after it has fallen or formed; and where either has fallen or formed on any such sidewalk, such owner, occupant or agent as above provided shall, within 24 hours after the same had fallen or formed, remove said snow or ice, or cause a sufficient quantity of salt, sand or ashes to be strewn thereon in such manner as to render the same safe for purposes of walking thereon.

"For the purpose of this ordinance, the phrase 'sidewalks in the front, rear or side of any house, premises, building or lots' shall be construed to mean that sidewalks or walks forming a part of the public highway. (Approved February, 1925, effective March 6, 1925.)

"Chapter 201, Compiled Ordinances:

(Effective September 3, 1926, Ordinance 249–B)

"SEC. 11. When ice and snow have accumulated on sidewalks and it is impossible to remove them by usual methods, sawdust, salt, sand, ashes or cinders may be sprinkled in sufficient quantities to make such sidewalks safe for traffic, et cetera.

"Fine: $100 or 30 days in Detroit House of Correction, or both such fine and imprisonment."

It also appears that from July 12, 1927, to November 15, 1939, the defendant acted as trustee under

an agreement with Frank S. Werneken in the management of certain property owned by him, including the property known as 8339 Oakland avenue. This agreement was terminated by the death of said Frank S. Werneken on November 15, 1939. Subsequently, and on January 15, 1940, an agreement was entered into between defendant and Frank E. Werneken, Helen S. Werneken, Marguerite E. Tilton and Maude W. Taylor, who acquired title to all property held under the agreement with said Frank S. Werneken at the time of his death, whereby said defendant was to continue to manage said property for the above-named persons.

On April 10, 1935, an application for tenancy was made to defendant trustee by Robert Boutry and Lula Boutry, his wife, and accepted by defendant, as agent of Frank S. Werneken, for the premises known as 8339 Oakland avenue, in the city of Detroit, which application for tenancy provided:

"2. Not to use the premises in contravention of any law or any police or sanitary regulation imposed by any government authority.

"3. To keep the premises in good repair during occupancy and at the expiration of occupancy to deliver premises in same condition as when taken, usual wear and tear excepted."

The same tenants occupied the premises on the day of the accident.

The cause came on for trial and at the close of plaintiff's proofs the defendant moved to direct a verdict of no cause of action upon the ground that the ordinance upon which plaintiff's cause of action is based imposes a public duty and confers no right upon an individual. The trial court took the motion under advisement and submitted the cause to a jury. The jury rendered a verdict in

favor of plaintiff. Subsequently, defendant made a motion for judgment notwithstanding the verdict on the ground that the pleadings and proofs did not create any liability on the part of defendant. The trial court granted the motion and held that the ordinance in question made only a public duty and that a personal or private action for a violation of the ordinance could not be maintained by an individual.

It is to be noted that plaintiff's claim for damages is based upon a violation of the ordinance by defendant.

In *Taylor* v. *Lake Shore & Mich. Southern Railroad Co.*, 45 Mich. 74 (40 Am. Rep. 457), plaintiff brought suit against the railway company for an injury suffered by her in consequence of slipping and falling upon ice which had formed on a sidewalk in front of premises occupied by defendant in the city of Monroe, which ice the defendant company failed to remove within 24 hours, as required by the ordinance. We there held that an ordinance requiring all persons to keep their sidewalks free from ice imposes a purely public duty, and persons injured by slipping on the ice cannot bring private actions against the owners of the premises.

See, also, *Blickley* v. *Luce's Estate,* 148 Mich. 233; *Maclam* v. *Hallam,* 165 Mich. 686; and *Bolden* v. *Grand Rapids Operating Corp.*, 239 Mich. 318 (53 A. L. R. 183).

The rule announced in the foregoing cases is determinate of the issue involved in the case at bar, and the judgment of the circuit court must stand affirmed, with costs.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.