## TUGENDER v. ROSENBLATT

1. Negligence—Public Sidewalk—Abutter—Maintenance—Duty
—Common Law.

> A private landowner has no common-law duty to keep an abutting public sidewalk free of ice and snow.

2. Negligence—Public Sidewalk—Abutter—Maintenance—Statute.

> An ordinance or statute requiring landowners to keep abutting public sidewalks free of snow and ice does not alter the rule that the abutting landowner is not civilly liable to persons who are injured by his failure to keep a sidewalk cleared off, in the absence of an express provision imposing such liability, and this is true even where the injured party is a social guest or a business invitee of the abutting landowner.

3. Negligence—Public Sidewalk—Abutter—Maintenance—Summary Judgment.

> Summary judgment in favor of defendant landowner was proper in action by his social guest for injuries received in fall on icy public sidewalk abutting defendant's land.

Appeal from Oakland, Phillip Pratt, J. Submitted Division 2 March 12, 1970, at Detroit. (Docket No. 7,368.) Decided April 30, 1970.

Complaint by Gloria Tugender and Paul Tugender against Arthur Rosenblatt for damages resulting from a slip and fall on a public sidewalk. Summary

---

References for Points in Headnotes

[1, 3] 39 Am Jur 2d, Highways, Streets, and Bridges § 517 et seq.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges § 518.

judgment for defendant. Plaintiffs appeal. Affirmed.

*August, Frimet, Goren & Murphy,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock (Arthur G. Brauer,* of counsel), for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. This appeal arises from the granting of defendant's motion for summary judgment. Plaintiff Gloria Tugender was a social guest in the home of the defendant, Arthur Rosenblatt, in January of 1968. At about 11 o'clock of that evening, Mrs. Tugender left the home of the defendant and stepped upon the abutting public sidewalk. While on the public sidewalk which she claimed was icy she slipped, fell, and was injured. Gloria Tugender and her husband instituted suit against defendant in the Oakland County Circuit Court. The defendant filed a motion for summary judgment which was granted by the trial court. The trial court ruled that the law of Michigan was settled and clear that a private landowner does not owe any duty to keep the abutting public sidewalk free of ice and snow. Plaintiffs appeal and challenge this interpretation of Michigan law.

This Court is convinced that the trial court's appraisal of defendant's duty was correct. The general rule, of course, is that there is no common-law liability for maintenance of a sidewalk by an abutter. *Grooms* v. *Union Guardian Trust Co.* (1944), 309 Mich 437; *Weider* v. *Goldsmith* (1958), 353 Mich 339; *Hughes* v. *City of Detroit* (1953), 336 Mich 457; 82 ALR2d 995.

"In the absence of a statute or ordinance to the contrary, the general rule is that there is no duty on an adjoining owner to keep a sidewalk in repair." *Levendoski* v. *Geisenhaver* (1965), 375 Mich 225, 227.

This Court recognized this rule of law in *Berman* v. *LaRose* (1969), 16 Mich App 55, 57. As plaintiffs recognize, the existence of an ordinance or statute does not alter the result. *Grooms* v. *Union Guardian Trust Co., supra; Levendoski* v. *Geisenhaver, supra,* p 227. This is true even though the injured party is a business invitee or a social guest.

"It is the generally recognized common-law rule \* \* \* that the owner or occupant of property abutting on a public sidewalk does not, solely by reason of being an abutter, owe to the public, *including invitees or business invitees of the abutter,* a duty to keep the sidewalk in a safe condition." 88 ALR2d 331, 337, 338. (Emphasis supplied.)

Affirmed. Costs to defendant.