MENDYK v MICHIGAN EMPLOYMENT SECURITY COMMISSION

Docket No. 78-3657. Submitted June 12, 1979, at Lansing.—Decided June 19, 1979.

Plaintiff, Lorraine Mendyk, was going to pick up her unemployment check when she fell on a public sidewalk abutting the defendant's, Michigan Employment Security Commission (MESC), office. Plaintiff sued defendant in the Court of Claims, alleging that she fell on a patch of ice which defendant had negligently caused or permitted to form on the sidewalk. She claimed that the sidewalk had twice been shoveled and salted on the morning of her fall and that the presence of the salt on the shoveled snow caused it to melt, run onto the sidewalk and freeze, creating the ice upon which she slipped and fell. At trial plaintiff attempted to introduce the deposition of one of defendant's employees. Defendant objected to its use for any purpose except impeachment of the deponent. Plaintiff also attempted to introduce an accident report made by the assistant manager of defendant's office as a result of his investigation of the incident. The court, Ernest F. Oppliger, J., ruled that the deposition could only be used for impeachment purposes and

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways and Streets § 517.

62 Am Jur 2d, Premises Liability § 272 *et seq.*

Liability of abutting owner or occupant for condition of sidewalk. 88 ALR 2d 331.

Liability for injuries in connection with ice or snow on nonresidential premises. 95 ALR 3d 15.

[2] 62 Am Jur 2d, Premises Liability § 273.

39 Am Jur 2d, Highways and Streets §§ 519, 520.

Abutting owner's liability for injury from ice formed on sidewalk by discharge of precipitation due to artificial conditions of premises. 18 ALR2d 428.

Place or manner of deposting snow moved by abutting owner or occupant as affecting his liability to predestrain injured in street. 71 ALR3d 793

Liability for injuries in connection with ice or snow on nonresidential premises. 95 ALR 3d 15.

[3] 23 Am Jur 2d, Depositions and Discovery § 106.

[4] 30 Am Jur 2d, Evidence §§ 931, 934, 1002.

that the accident report was inadmissible. It further ruled that the plaintiff could only recover for a slip on an unnatural accumulation of ice caused by cleaning the sidewalk where the condition of the area was rendered worse than its original condition and that plaintiff had failed to sustain her burden of proof. Plaintiff appeals. *Held:*

1. A landowner has no common-law duty to keep an abutting public sidewalk free of ice and snow and is not liable, even to business invitees, for injuries sustained through a slip and fall on natural accumulations of ice and snow on a public sidewalk abutting his property. It is only where snow or ice accumulates on a sidewalk because of a negligent affirmative act of an abutting landowner or where the landowner's act increases the danger from a natural accumulation that the property owner may be held for an invitee's slip and fall. An abutting landowner is liable for injuries sustained by a business invitee who slips on an accumulation of ice formed as a result of snow being shoveled from the area and salted, causing the snow to melt, run onto the area and freeze. Such action of the abutting landowner increases the hazard from trudging through snow to walking on ice.

2. A deposition of an employee of an adverse party may by court rule be introduced at trial for any purpose. The deposition should have been admitted.

3. An accident report which is not typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others or to provide internal controls does not properly come within the business record exception of the hearsay rule. The basis of the business record exception is the probability of trustworthiness of those business records which are the routine reflections of the day to day operations of the business. The accident report was properly excluded from evidence.

Reversed and remanded for a new trial.

1. Negligence — Public Sidewalk — Abutter — Maintenance — Duty — Common Law.

A landowner has no common-law duty to keep an abutting public sidewalk free of ice and snow and is not liable, even to business invitees, for injuries sustained through a slip and fall on natural accumulations of ice and snow on a public sidewalk abutting his property.

2. Negligence — Sidewalks — Abutting Landowners — Ice and Snow — Natural Accumulations — Negligent Affirmative Act — Slip and Fall.

It is only where snow or ice accumulates on a sidewalk because of

a negligent affirmative act of an abutting landowner, or where the landowner's act increases the danger from a natural accumulation that the property owner may be held for an invitee's slip and fall; an abutting landowner is liable for injuries sustained by a business invitee who slips on an accumulation of ice formed as a result of snow being shoveled from the area and salted, causing the snow to melt, run onto the area and freeze; such action of the abutting landowner increases the hazard from trudging through snow to walking on ice.

3. EVIDENCE — DEPOSITIONS — EMPLOYEE OF ADVERSE PARTY — COURT RULES.

A deposition of an employee of an adverse party may by court rule be introduced at trial for any purpose (GCR 1963, 302.4[2]).

4. EVIDENCE — HEARSAY — BUSINESS RECORD EXCEPTION — STATUTES — ACCIDENT REPORTS.

An accident report which is not typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others or to provide internal controls does not properly come within the business record exception of the hearsay rule; the basis of the business record exception is the probability of trustworthiness of those business records which are the routine reflections of the day to day operations of the business (MCL 600.2146; MSA 27A.2146).

*Van Benschoten & Van Benschoten,* for plaintiff.

*Hoffmann, O'Neill, Ackerman, Wallace, Doyle & Jones,* for defendant.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

T. M. BURNS, J. Plaintiff-appellant, Lorraine Mendyk, appeals of right an August 30, 1978, judgment of the Court of Claims of no cause of action in the instant negligence action. We reverse and remand for a new trial.

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On April 4, 1975, plaintiff slipped and fell in front of the Michigan Employment Security Commission (MESC) office in Saginaw, Michigan. Plaintiff testified at trial that at the time of the accident she was on her way to the MESC office to pick up her weekly unemployment compensation check.

Plaintiff, on the morning of the accident, had parked her automobile in a parking lot across the street from the MESC office. Upon alighting from her vehicle, plaintiff crossed the street and entered onto a sidewalk that abuts the MESC office. In order to get to the entrance to the office, plaintiff was required to walk on the sidewalk for about 30 feet. She testified at trial that although it had snowed a short time prior to the accident, the sidewalk appeared to be clear and that snow had been piled along each side of it.

Adjacent to the entrance to the MESC office is a mailbox. Plaintiff testified that as she attempted to enter the office she walked in front of the mailbox and at that point slipped and fell. She was only approximately two or two and one-half feet from the entrance to the building when she fell. As she was lying on the sidewalk waiting to be taken to the hospital, she felt the presence of ice underneath her body. As a result of her fall, plaintiff suffered a broken leg and a broken ankle.

Ms. Kathleen Preston, an employee of the MESC who testified on its behalf at trial, stated that when she learned of plaintiff's fall she ran to plaintiff's side to comfort her. She further testified that she saw snow packed around the base of the mailbox near where plaintiff had fallen. Some of this snow apparently had melted into water and the water was draining down the sidewalk towards the street. Although she testified that there was no

ice on the sidewalk where plaintiff had fallen, Ms. Preston acknowledged that plaintiff had lain on the sidewalk for 10 to 15 minutes. When plaintiff was later assisted up from the sidewalk, Ms. Preston noticed that the back of plaintiff's coat was soaked with water. After an ambulance had taken plaintiff to the hospital, Ms. Preston obtained some salt and sprinkled it around the area of plaintiff's fall.

In an opinion dated August 16, 1978, the Court of Claims found no cause of action, holding that plaintiff could not recover if she fell on a natural accumulation of ice or snow. The Court of Claims further rejected plaintiff's argument that she fell on an unnatural accumulation of ice that had frozen on the sidewalk as a result of the manner in which defendant had earlier attempted to clean the sidewalk of snow. The Court of Claims judge held that a party who attempts to make a sidewalk more safe is not liable for injuries that occur to passersby in the absence of evidence that the cleaning efforts had made the sidewalk more dangerous than its original condition.

Plaintiff first argues that the lower court erred in applying the "natural accumulation of ice or snow rule" to this case because the Supreme Court abrogated that rule in situations involving injury to a business invitee. See, *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975), *reh den* 395 Mich 923 (1976).

Michigan law has long held that a property owner has no liability for a plaintiff's injuries that were caused solely by a slip and fall on a natural accumulation of ice or snow. *Lubbers v Manlius Twp,* 172 Mich 387; 137 NW 804 (1912), *Stanton v Webster Twp,* 170 Mich 428; 136 NW 421 (1912), *Johnson v City of Marquette,* 154 Mich 50; 117

NW 658 (1908). This general rule was cited and approved by this Court in its recent decision in *Hampton v Master Products, Inc*, 84 Mich App 767; 270 NW2d 514 (1978). In *Hampton*, a plaintiff was injured after she exited from her automobile and was attempting to walk over a pile of snow that had been thrown up on a sidewalk by municipal snow removal machinery. The plaintiff's purported right to recovery was asserted under MCL 691.1402; MSA 3.996(102), which requires governmental units to maintain streets and keep them reasonably safe and fit for public travel. In its opinion the *Hampton* Court noted:

"The mere presence of snow or ice on a highway, street, or walk in wintertime, which causes travelers difficulty, does not constitute negligence on the part of the public authorities. A municipality in Michigan is not negligent if it omits to protect pedestrians from dangers to life and health which are caused by the accumulations of ice and snow on sidewalks from natural causes. *Mayo v Village of Baraga*, 178 Mich 171; 144 NW 517 (1913). See also, *Wesley v Detroit*, 117 Mich 658; 76 NW 104 (1898), and *Johnson v Pontiac*, 276 Mich 103; 267 NW 795 (1936).

"When, however, the accumulation of ice and snow is the result of unnatural causes, the municipality may be liable. In order to render a municipality liable, the interference with travel must be unusual or exceptional, that is, different in character from conditions ordinarily and generally brought about by winter weather in a given locality." *Id*, 770.

Historically, the "natural accumulation" rule has been used not only to preclude a plaintiff's recovery against a governmental unit but also to preclude recovery in a suit against a private land owner. See, *Bard v Weathervane of Michigan*, 51 Mich App 329; 214 NW2d 709 (1974), *Gillen v Martini*, 31 Mich App 685; 188 NW2d 43 (1971).

However, in *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc, supra,* the Supreme Court overruled existing Michigan law insofar as that law indicated that the "natural accumulation" rule applied in the invitor-invitee context. The Court held that the legal duty of an invitor to exercise reasonable care for the invitee's safety included the duty to take reasonable measures within a reasonable time after an accumulation of ice or snow to diminish the hazard of injury to the invitee. Although the Supreme Court concluded that the plaintiff before it, who was an invitee of the defendant and who had slipped and fallen on ice in the defendant's private parking lot, would be permitted to recover, the Court specifically declined to consider whether the rule that it was enunciating would be applied to cases where a plaintiff slipped on a public sidewalk:

"The thrust of existing Michigan case law tends to support the conclusion generally drawn that the 'natural accumulation' rule applied in the context of the invitee—invitor relationship. See, in particular, *Perl v Cohodas, Peterson, Paoli, Nast Co,* 295 Mich 325; 294 NW 697 (1940). *Cf. Weider [v Goldsmith,* 353 Mich 339; 91 NW2d 283 (1958)], *supra;* and *Betts v Carpenter,* 239 Mich 260; 214 NW 96 (1927). The line of cases noting the natural accumulation rule, however, uniformly fails to harmonize or reconcile this rule with the rigorous duty which the law recognizes as owed an invitee. See, for a general discussion of the duty owed an invitee and distinction between such duty and the duty owed a licensee, *Preston v Sleziak,* 383 Mich 442; 175 NW2d 759 (1970), and compare *Torma [v Montgomery Ward & Co,* 336 Mich 468; 58 NW2d 149 (1953)], *supra*—a case which recognizes this rigorous duty—and the cases cited above which discuss and rely solely upon the natural accumulation rule.

"Judge HOLBROOK, in his dissenting opinion in *Bard v Weathervane,* opined that Michigan case law approved

the 'natural accumulation' rule with respect to *public* sidewalks but not with respect to private property in the context of the invitor—invitee relationship. Proceeding from the distinction between public and private property, Judge HOLBROOK would find a broader duty with respect to natural accumulations of ice and snow owed the business invitee than is owed the user of public streets or sidewalks. On this appeal we do not determine the duty owed the user of public streets and sidewalks. Under present Michigan law, liability for failure to keep *public* highways (including sidewalks) 'in condition reasonably safe and fit for travel' falls principally upon the involved governmental unit and is statutorily defined. MCLA 691.1401 *et seq.;* MSA 3.996(101), *et seq.,* and *Levendoski v Geisenhaver,* 375 Mich 225; 134 NW2d 228 (1965). Decision of the case at hand does not require us to address the scope of the statutory duty owed the user of public streets and sidewalks respecting natural accumulations of ice and snow. We need not, therefore, pass upon the merits of the holdings in cases *(e.g., Weider, supra;* and *Betts, supra)* which deal with injury from accumulations of ice and snow occurring on public streets and sidewalks." (Emphasis in original.) *Quinlivan, supra,* 255-257.

There is no question but that in the case before us plaintiff was a business invitee of defendant, MESC. An employee of the MESC testified at trial that while plaintiff was lying on the sidewalk someone obtained her unemployment check from the MESC office and gave it to her. Further, although plaintiff testified that she fell within a step or two of the MESC entrance, she does not contest the finding of the Court of Claims that she fell on a public sidewalk. Thus, assuming that plaintiff fell on a public sidewalk and that her accident resulted from a natural accumulation of ice or snow, the question before us is whether *Quinlivan* would permit her to recover as a business invitee of the MESC.

Plaintiff argues that the Supreme Court's decision in *Quinlivan* stands for the proposition that an invitee may now sue a property owner for injuries arising out of a slip and fall on ice in all circumstances. The MESC counters that *Quinlivan* stands for the proposition that such plaintiffs may sue only where the accident occurs on the invitor's property. It appears that the defendant MESC has the best of this argument.

In *Tugender v Rosenblatt,* 23 Mich App 580, 581-582; 179 NW2d 181 (1970), a panel of this Court held that a private land owner has no common-law duty to keep an abutting public sidewalk free of ice or snow:

"This Court is convinced that the trial court's appraisal of defendant's duty was correct. The general rule, of course, is that there is no common-law liability for maintenance of a sidewalk by an abutter. *Grooms v Union Guardian Trust Co* (1944), 309 Mich 437; *Weider v Goldsmith* (1958), 353 Mich 339; *Hughes v City of Detroit* (1953), 336 Mich 457; 82 ALR2d 995.

" 'In the absence of a statute or ordinance to the contrary, the general rule is that there is no duty on an adjoining owner to keep a sidewalk in repair.' *Levendoski v Geisenhaver* (1965), 375 Mich 225, 227.

"This Court recognized this rule of law in *Berman v LaRose* (1969), 16 Mich App 55, 57. As plaintiffs recognize, the existence of an ordinance or statute does not alter the result. *Grooms v Union Guardian Trust Co, supra; Levendoski v Geisenhaver, supra,* p 227. This is true even though the injured party is a business invitee or a social guest.

" 'It is the generally recognized common-law rule * * * that the owner or occupant of property abutting on a public sidewalk does not, solely by reason of being an abutter, owe to the public, *including invitees or business invitees of the abutter,* a duty to keep the sidewalk in a safe condition' 88 ALR2d 331, 337, 338." (Emphasis in original.)

Thus, it appears from the opinion of this Court in *Tugender,* that *Quinlivan* cannot stand for the proposition that an invitee in Michigan now has a cause of action against a property owner-invitor for a slip and fall on a natural accumulation of ice where the slip and fall occurs on the sidewalk abutting the invitor's land. To hold otherwise would extend the invitor-property owner's liability for accidents caused on abutting sidewalks in the ice and snow circumstance beyond that which the property owner would have for accidents on the abutting sidewalk that resulted from other causes. However, our holding on this question does not dispose of this case.

Our examination of the Court of Claims' findings of fact shows that it made no finding relative to whether an unnatural accumulation of ice had occurred on the sidewalk where plaintiff fell. Plaintiff argued below, as she does here, that if the agents or employees of the MESC who had cleaned the sidewalk before her accident caused snow to be thrown up alongside the sidewalk and salted in such a way that it later melted and froze on the sidewalk then she was entitled to recover. The lower court disagreed, holding that plaintiff could not recover even if this situation had occurred because she had failed to prove that the MESC's attempt to clean the sidewalk had increased the hazard of travel on it.

The "increased hazard" rule was discussed by the Court in *Weider v Goldsmith, supra,* and approved of by the Court in *Woodworth v Brenner,* 69 Mich App 277; 244 NW2d 446 (1976). However, those two cases are distinguishable from the instant one. In both *Weider* and *Woodworth,* the evidence showed only that the landlord had cleared the sidewalk by shoveling snow to abutting

ground. Following the landlord's action, natural forces melted a portion of the shoveled snow back onto the sidewalk where it froze into ice. Further, in neither of these two cases was the plaintiff a business invitee of the defendant.

In the instant case the sidewalk abutting the MESC office had twice been shoveled and salted on the morning of plaintiff's slip and fall. It is the presence of this salt on the snow that plaintiff claims caused it to melt and freeze on the sidewalk. If this is true, then the action of the MESC in salting the sidewalk increased the plaintiff's hazard from one involving her trudging through snow to one involving her walking on ice. It is clear that her chances of injury from the latter are greater than her chances of injury from the former. This fact, coupled with the existing case law authority that recognizes the invitor's rigorous duty of care owed to an invitee, leads us to hold that if plaintiff can establish her version of the facts by a preponderance of the evidence then she is entitled to recover for her injury.

Although an appropriate disposition of this case might be to remand it to the Court of Claims for further findings of fact on whether plaintiff did slip and fall on ice that had formed because of action taken by the defendant, a further erroneous evidentiary ruling by the Court of Claims requires us to remand this cause for a new trial.

Plaintiff attempted to introduce into evidence at trial the deposition of one of defendant MESC's employees, Ms. Kathleen Preston. Defendant objected to the introduction of this deposition for any purpose except impeachment of Ms. Preston. The Court of Claims sustained defendant MESC's objection, ruling that because Ms. Preston testified at trial her deposition could only be used to impeach

her. This ruling was clear error. GCR 1963, 302.4(2) provides that the deposition of an employee of an adverse party may be introduced into evidence at trial for any purpose. Therefore, the Court of Claims should have permitted plaintiff to introduce into evidence Ms. Preston's deposition as substantive evidence. Further, we cannot say that the lower court's error in this ruling was harmless only.

Ms. Preston was the only defense witness to testify at trial who actually saw plaintiff as she lay on the sidewalk following her accident. At trial, Ms. Preston affirmatively testified that there was no ice on the sidewalk at the time of plaintiff's accident. However, in her deposition, Ms. Preston stated that she could not be sure that there wasn't ice on the sidewalk. We believe that, had the lower court considered Ms. Preston's deposition testimony as substantive evidence and followed the correct rule of law, the results reached in the first trial might have been different.

Plaintiff raises one final issue in this appeal that requires our consideration. As part of her case in chief she attempted to introduce into evidence an accident report based upon an investigation conducted by the assistant manager of the defendant MESC office. Plaintiff argued that this report was admissible as a business record made in the regular course of business. The Court of Claims disagreed and excluded the report from evidence.

In pertinent part, MCL 600.2146; MSA 27A.2146 provides:

"Any writing or record whether in the form of an entry in a book or otherwise, made as a memorandum of any act, transaction, occurrence or event shall be admissible in evidence in all trials, hearings and proceedings in any case or suit in any court, or before any officer, arbitrators or referees, in proof of said act, transaction, occurrence or event if it was made in the

regular course of any business and it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. * * *"

This statutory exception to the hearsay rule does not cover all interoffice memorandums. In *Central Fabricators, Inc v Big Dutchman Division of U S Industries, Inc,* 398 Mich 352, 357-358; 247 NW2d 804 (1976), the Michigan Supreme Court, quoting *Palmer v Hoffman,* 318 US 109; 63 S Ct 477; 87 L Ed 645 (1943), held that this statute did not permit the introduction into evidence of a report that was:

"[N]ot a record made for the systematic conduct of the business as a business. An accident report may affect that business in the sense that it affects information on which the management may act. It is not, however, typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide internal controls. * * * The probability of trustworthiness of records because they were routine reflections of the day to day operations of the business would be forgotten as the basis of the rule."

Under the Supreme Court's interpretation of this statute then, the lower court did not err in its ruling on this question. Plaintiff failed to establish at trial a proper foundation for the admission of the accident report into evidence. Specifically, there is no evidence in the record that the report was made in the regular course of business or that it was defendant's regular practice to make such reports at the time of similar accidents or within a reasonable time thereafter. Therefore, because the requirements of this statute were not met, the lower court's ruling cannot be said to have been clearly erroneous.

Reversed and remanded for a new trial. Costs to abide final resolution of this litigation.