# STATE OF MICHIGAN

# COURT OF APPEALS

NICK ZIMMER,

Plaintiff-Appellant,

v

HARBOUR COVE ON THE LAKE
CONDOMINIUM COMMUNITY, SELECT
COMMUNITY MANAGEMENT, LLC, and
CREATION KEEPER, LLC,

Defendants-Appellees.

UNPUBLISHED
March 14, 2017

No. 331545
Washtenaw Circuit Court
LC No. 14-000960-NI

Before: CAVANAGH, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order denying his motion for reconsideration of an order granting defendants' motions for summary disposition and dismissing this case arising from plaintiff's slip and fall on a sidewalk at a condominium complex where his friend lived. We affirm.

On January 20, 2014, at about 8:00 p.m. or 9:00 p.m., plaintiff was walking on a sidewalk on his way to the condominium unit owned by his friend, George Bourdeau, when he slipped and fell on ice, breaking his femur. Defendants Harbour Cove on the Lake Condominium Community (Harbour Cove) and Select Community Management owned and managed the property, while defendant Creation Keeper was the snow removal contractor.

Thereafter, plaintiff brought this action, alleging that he fell on black ice that formed, at least in part, because of a defective drainage system which included misplaced gutter downspouts. In relevant part, plaintiff raised ordinary negligence, premises liability, and "nuisance" claims.

Subsequently, defendants Harbour Cove and Select Community Management filed a motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's claim sounded solely in premises liability and was precluded by the open and obvious doctrine. In brief, defendants argued, it was winter, it was cold, there was snow on the ground, and there was snow on the sidewalk where plaintiff fell. Plaintiff responded, arguing that defendants negligently placed gutter downspouts and allowed snow piling in such a manner as to cause ice to develop on the sidewalk where plaintiff fell—which constituted an ordinary negligence claim. Further,

-1-

plaintiff argued, his premises liability claim was not precluded by the open and obvious doctrine because he fell on black ice that was not covered by snow.

Defendant Creation Keeper also filed a motion for summary disposition under MCR 2.116(C)(10), arguing that it owed no duty to plaintiff and, if it did, that duty was not breached. Plaintiff responded, arguing that Creation Keeper was liable for actively creating or contributing to the formation of an accumulation of ice by improperly piling the snow in a location where, when it melted, it would flow over the sidewalk and refreeze.

At a hearing on defendants' motions for summary disposition, the trial court held that plaintiff's claims against defendants Harbour Cove and Select Community Management were based on an allegedly dangerous condition on the land and sounded exclusively in premises liability. Further, the snow and ice were open and obvious. Thus, the trial court dismissed plaintiff's ordinary negligence and premises liability claims, but reserved its decision on plaintiff's alleged nuisance claim. The trial court also took under advisement defendant Creation Keeper's motion for summary disposition with regard to plaintiff's ordinary negligence claim based on the piling of snow.

Plaintiff moved for reconsideration, arguing that the black ice was not open and obvious; thus, his premises liability claim should not have been dismissed. And, plaintiff argued, his ordinary negligence claim against defendants Harbour Cove and Select Community Management should not have been dismissed because it was based on their negligent conduct. Defendants Harbour Cove and Select Community Management filed a supplemental brief, arguing in part that Michigan law does not recognize a public nuisance claim based on an accumulation of ice and snow, whatever the cause. Plaintiff also filed a supplemental brief, arguing that defendant Creation Keeper owed him a duty to perform snow remediation with ordinary care and that defendant breached that duty by piling the snow in a way that created a hazardous condition.

At a subsequent hearing on the parties' motions, the trial court denied plaintiff's motion for reconsideration. The trial court held that the ice plaintiff fell on was open and obvious considering the other wintery conditions that would have alerted a person to the possible danger, i.e., it was winter, it was cold, there was snow on the ground near where plaintiff fell, and it is common for sidewalks to get icy under these circumstances. Further, the trial court held, this is a premises liability case, not an ordinary negligence case. And the court dismissed plaintiff's "nuisance" claim for the reason set forth in defendants' brief. With regard to defendant Creation Keeper's motion for summary disposition, the trial court agreed with defendant's arguments and granted the motion. Accordingly, plaintiff's complaint was dismissed in its entirety. This appeal followed.

Plaintiff first appears to argue that the trial court improperly dismissed his ordinary negligence and nuisance claims against defendants Harbour Cove and Select Community Management. We disagree.

We review de novo a trial court's decision to grant a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and

should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.

Plaintiff argues that the trial court "may not disregard longstanding common law and equitable causes of action created by the Michigan Supreme Court by addressing only the portion of the complaint that is subject to the 'open and obvious' defense." This argument is unclear to us. It appears that plaintiff may be arguing that defendants Harbor Cove and Select Community Management should be held liable for "maintaining a nuisance" as discussed in the 1927 case, *Betts v Carpenter*, 239 Mich 260, 265; 214 NW 96 (1927). However, plaintiff does not explain or support his claim that a "nuisance" existed in this case with citations to applicable facts or law. That is, for example, to the extent that plaintiff claims that a public (versus private) nuisance existed, plaintiff fails to address how he suffered a type of harm different from that of the general public when encountering the icy sidewalk. See *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 190; 540 NW2d 297 (1995). An appellant may not simply announce his position or give an issue cursory treatment and leave it to us to discover and rationalize the basis for his claim. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) (citations omitted). Thus, this issue is deemed abandoned. See *id*.

Plaintiff also argues that defendants Harbour Cove and Select Community Management can be held liable for ordinary negligence—aside from a premises liability claim—because their active negligence with regard to the placement of gutter downspouts and piling of snow caused ice to form on the sidewalk where plaintiff fell. In support of his claim, plaintiff relies on *Clark v Dalman*, 379 Mich 251, 261; 150NW2d 755 (1967), and argues that defendants had a common-law duty to use due care so as not to unreasonably endanger a person by their actions in that regard. However, as the *Clark* Court made clear, the duty owed by the defendant to the plaintiff in that case arose because "[f]ar from being a trespasser on the premises, plaintiff was at least a licensee, or possibly an invitee." *Id*. at 262. Similarly, in this case, the duty of care owed by defendants Harbour Cove and Select Community Management to plaintiff arose because plaintiff was an invitee on the premises. Generally, there is no duty that requires one to aid or protect another unless there is a special relationship between them, *Bailey v Schaaf*, 494 Mich 595, 604; 835 NW2d 413 (2013), and it is this "special relationship" that gave rise to defendants' obligation to use due care so as not to unreasonably endanger persons who walked on the sidewalks at the condominium complex, including plaintiff.

Further, plaintiff argues, it was the *conduct* of defendants Harbour Cove and Select Community Management that gave rise to his ordinary negligence claim and plaintiff relies on *Laier v Kitchen*, 266 Mich App 482; 702 NW2d 199 (2005), in support of his argument. However, in that case, the plaintiff was killed allegedly because of the defendant's improper operation or control of the front-end loader bucket on a tractor during its repair, i.e., the defendant's conduct caused the plaintiff's death. *Id*. at 493-495. To the contrary, in this case, defendants' alleged conduct with regard to the placement of the downspouts and snow piling on the property did not cause plaintiff's injury. Likewise, this is not a case where the failure to use due care with regard to a dangerous power tool or instrumentality located on defendants' property caused plaintiff's injury. See *id*. at 494-495. Rather, plaintiff's injury was allegedly caused by a dangerous *condition* on the property—an icy sidewalk. See also *James v Alberts*, 464 Mich 12, 19; 626 NW2d 158 (2001). Thus, as the trial court held, it is clear that defendants' liability, if any, emanates from defendants duties as an owner, possessor, or occupier of land.

-3-

See *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). And "this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*. Therefore, plaintiff's claim is grounded exclusively in premises liability. Accordingly, the trial court properly dismissed plaintiff's ordinary negligence claim against defendants Harbour Cove and Select Community Management.

Plaintiff also appears to argue, very briefly, that the trial court improperly dismissed his ordinary negligence claim against defendant Creation Keeper. We disagree.

To establish a prima facie case of negligence, a plaintiff must prove that (1) the defendant owed the plaintiff a duty, (2) the duty was breached, (3) causation, and (4) damages. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). In this case, it is undisputed that plaintiff was neither a party to the maintenance contract nor an intended third-party beneficiary of that contract between Harbour Cove and Creation Keeper. However, it is well-established that a defendant has a "common-law duty to use ordinary care in order to avoid physical harm to foreseeable persons and property in the execution of its undertakings." *Id*. at 172. Thus, the requisite legal relationship appears to exist between defendant Creation Keeper and plaintiff, giving rise to a duty of care.

However, plaintiff failed to establish, at minimum, that a genuine issue of material fact exists on the issue whether Creation Keeper breached its duty to use "ordinary care" in the manner in which it shoveled and piled snow before plaintiff fell. In his brief on appeal, plaintiff states in a conclusory manner that defendant Creation Keeper "contributed to the unnatural ice accumulation by piling snow next to the known hazardous downspouts even though Creation Keeper had been instructed to place the snow elsewhere." However, such conclusory statements are insufficient to establish, for example, that Creation Keeper's snow removal services were contrary to typical snow removal practices and, thus, did not constitute "ordinary care." And, again, we will not make an appellant's arguments for him. *Peterson Novelties, Inc*, 259 Mich App at 14. Accordingly, considering the record before us, the trial court properly dismissed plaintiff's negligence claim against defendant Creation Keeper.

Finally, plaintiff argues that the "invisible patch of black ice" was not open and obvious as a matter of law; therefore, his premises liability action against defendants Harbour Cove and Select Community Management should not have been dismissed. We disagree.

Generally, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a premises possessor is not required to protect an invitee from an open and obvious danger on the land unless there are special aspects of the condition that make it unreasonably dangerous. *Id*. at 517. That is so because open and obvious dangers, by their nature, apprise an invitee of a potential hazard that the invitee should take reasonable measures to avoid. *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012). Premises possessors are not insurers charged with a duty to guarantee the safety of all persons who come on their land. *Id*. at 459.

A danger is considered "open and obvious" if, under an objective standard, it is reasonable to expect that an average person with ordinary intelligence would have discovered it

upon casual inspection. *Joyce v Rubin*, 249 Mich App 231, 238-239; 642 NW2d 360 (2002). Accordingly, the hazard presented by ice and snow is generally considered open and obvious. *Buhalis*, 296 Mich App at 694 (citation omitted). And when the alleged hazard is black ice—or ice that is essentially invisible—the presence of other indicia of a potentially hazardous condition, including wintery conditions, may cause the "black ice" to be considered open and obvious. See *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008).

Considering the circumstances here, we conclude that plaintiff's injury was the result of an avoidable open and obvious danger and there is no evidence of a special aspect to the icy condition that would justify holding defendants Harbor Cove and Select Community Management liable under a premises liability theory. Plaintiff fell at about 8:00 p.m. or 9:00 p.m. on a cold January night. Plaintiff testified in his deposition that he could not recall if he noticed snow on the sidewalk, but he did see snow on the grass next to the sidewalk. He also testified that, after he fell, he noticed that he was lying on a large patch of ice. Bourdeau testified that, on the night plaintiff fell, it was snowing lightly and there was snow on the sidewalk. He found plaintiff "laying on a full sheet of ice that was covered by snow." Bourdeau further testified that there was an inch, "maybe two," covering the ice and that the snow was along the entire length of the sidewalk. He described the ice that plaintiff slipped on as covering about three squares of sidewalk and "looked like a miniature skating rink." Bourdeau testified that the snow on the sidewalk was readily apparent, and plaintiff also told him that he saw the snow on the sidewalk, but did not realize there was ice underneath it. Bourdeau also noticed the snow piled up around the grounds of the condominium complex. In light of the evidence of record, the trial court did not err in concluding that no genuine issue of material fact existed that the hazard presented by the icy condition of the sidewalk was open and obvious. See, e.g., *Janson v Sajewski Funeral Home*, 486 Mich 934, 935; 782 NW2d 201 (2010). Thus, the trial court properly dismissed plaintiff's premises liability claim.

Affirmed. Defendants are entitled to tax costs as the prevailing parties. MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Deborah A. Servitto